UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF MIAMI GENERAL EMPLOYEES' & SANITATION EMPLOYEES' RETIREMENT TRUNITED STATES OF AMERICAT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RH, INC., et al.,<br><br>Defendants. | Case No. 17-cv-00554-YGR (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 115 |

The parties filed a joint letter brief concerning a dispute over whether 21 deposition exhibits and certain deposition testimony qualify as "Confidential" under paragraph 2.2(iii) of the Protective Order in this action. ECF No. 115. The Court held a telephonic hearing on December 21, 2018. This order follows.

The Protective Order defines Confidential information or items as those that are "(i) prohibited from disclosure by statute; (ii) trade secrets; (iii) confidential research, development, proprietary, or commercial information; (v) private individual identificatory information . . ." ECF No. 81. Paragraph 5.1 requires the "Exercise of Restraint and Care in Designating Material for Protection." *Id*. It states that "[m]ass, indiscriminate, or routinized designations are prohibited." *Id*. Section 6 of the Protective Order sets forth the process for challenging confidentiality designations.

Because the documents at issue in this challenge were produced by Defendants, they have the burden to show the documents are confidential. *Id*. ¶ 6.3. Defendants argue the documents fall into three categories of confidential information: internal financial information, vendor information and RH's business strategy. Having reviewed the 21 deposition exhibits, the Court

issues this order on them to provide guidance to the parties in resolving future challenges. The parties should also use this guidance to review the submitted deposition testimony. In general, the Court views specific, internal financial information to be confidential, but general descriptions of business issues or strategy readily understood in the industry or already revealed in or implied by the Amended Complaint are not confidential.

Defendants submitted a binder of the documents at issue with the claimed confidential information highlighted. In issuing this order, the Court assumes without deciding that everything *not* highlighted is *not* confidential. The Court's order solely evaluates the highlighted portions of each page.

Tab 1: Bates -340 and -341 are not confidential. The rest is.

Tab 2: Bates -562 is not confidential. The rest is.

Tab 3: Confidential.

Tab 4: Confidential.

Tab 5: The name of the vendor is confidential, but the rest is not.

Tab 6: Bates -855 and the first word on Bates -856 are not confidential, but the rest is.

Tab 7: The numbers on Bates -6303 are confidential but the rest of that page is not. The other pages are confidential.

Tab 8: The names of the vendors are confidential, but the rest is not.

Tab 9: Confidential.

Tab 10: Confidential.

Tab 11: Confidential.

Tab 12: The dollar numbers and percentages are confidential, but the rest is not.

Tab 13: Confidential.

Tab 14: Confidential.

Tab 15: Bates -582 is not confidential, but the rest is.

Tab 16: Bates -765: "There" to "Network" is not confidential but the rest is. Bates -766 and -767: The key strategies are not confidential, but the 2016 updates are. The rest of the document is confidential.

Tab 17: Confidential.

Tab 18: Confidential.

Tab 19: Bates -336 is not confidential. The Court's ruling on the rest of the document is the same as for tab 6.

Tab 20: Not confidential.

Tab 21: Confidential.

**IT IS SO ORDERED.**

Dated: January 10, 2019

_____
THOMAS S. HIXSON
United States Magistrate Judge