# Exhibit 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

IN RE RH, INC. SECURITIES
LITIGATION

Case No. 4:17-00554-YGR

ECF CASE

**[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT
<u>AND PROVIDING FOR NOTICE</u>**

WHEREAS, a class action is pending in this Court entitled *In re RH, Inc. Securities Litigation*, Case No. 4:17-00554-YGR (the "Action");

WHEREAS, by Order entered October 11, 2018, this Court certified the Action to proceed as a class action on behalf of all persons and entities who purchased or otherwise acquired the common stock of RH during the period from March 26, 2015 through June 8, 2016, inclusive (the "Class Period")[1];

WHEREAS, (a) Lead Plaintiffs Public School Teachers' Pension & Retirement Fund of Chicago and Arkansas Teacher Retirement System ("Lead Plaintiffs"), on behalf of themselves and the Class, and (b) defendants RH ("RH" or the "Company"), and Gary Friedman and Karen Boone (collectively, the "Individual Defendants" and, together with RH, "Defendants," and together with Lead Plaintiffs, the "Parties") have determined to settle all claims asserted against

---

[1] Excluded from the Class are (i) Defendants; (ii) Immediate Family Members of the Individual Defendants; (iii) any person who was an Officer or director of RH; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) any person who is alleged to have participated in the wrongdoing alleged (This exclusion only applies and refers to the two Individual Defendants. For the avoidance of doubt, the Individual Defendants expressly deny that they were involved in any wrongdoing.); (vi) parents or subsidiaries of RH; (vii) all RH plans that are covered by ERISA; (viii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such; and (ix) any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated May 6, 2019 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation attached hereto as Exhibit 4.

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on October 22, 2019 at 2:00 p.m. at the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, Courtroom 1 – 4th Floor, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine

2

Deleted: _____
Deleted: __
Deleted: __
Deleted: __

1   whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses
2   should be approved; and (e) to consider any other matters that may properly be brought before
3   the Court in connection with the Settlement.  Notice of the Settlement and the Settlement
4   Hearing shall be given to Class Members as set forth in paragraph 4 of this Order.

5       3.      The Court may adjourn the Settlement Hearing without further notice to the Class
6   and may approve the proposed Settlement with such modifications as the Parties may agree to, if
7   appropriate, without further notice to the Class.

8       4.      **Retention of Claims Administrator and Manner of Giving Notice** – Lead
9   Counsel is hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise
10  and administer the notice procedure in connection with the proposed Settlement as well as the
11  processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement
12  Hearing shall be given by Lead Counsel as follows:

13          (a)     within ten (10) business days of the date of entry of this Order, RH
14      shall provide or cause to be provided to the Claims Administrator in electronic format (at
15      no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) a list
16      (consisting of names and addresses) of the record holders or purchasers of RH common
17      stock during the Class Period, to the extent reasonably available to RH;

18          (b)     not later than fifteen (15) business days after the date of entry of
19      this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice
20      and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2,
21      respectively (the "Notice Packet"), to be mailed by first-class mail or emailed to potential
22      Class Members at the addresses set forth in the records provided by RH or in the records
23      which RH caused to be provided, or who otherwise may be identified through further
24      reasonable effort;

25          (c)     contemporaneously with the mailing of the Notice Packet, the
26      Claims Administrator shall cause copies of the Notice and the Claim Form to be posted
27      on a website to be developed for the Settlement, from which copies of the Notice and
28      Claim Form can be downloaded.  Lead Counsel shall verify that the settlement website is

3

operational by the Notice Date and shall verify that it continues to remain operational and appropriately updated throughout the administration of the Settlement;

(d)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(e)    not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

5.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the certification of the Class and their right to exclude themselves from the Class, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of Class Members' right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

4

6.    **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired RH common stock during the Class Period for the benefit of another person or entity shall:  (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets shall forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator, in which event the Claims Administrator shall promptly mail or email the Notice Packet to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7.    **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than fourteen (14) calendar days before the Settlement Hearing.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims, provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

8.    Each Claim Form submitted must satisfy the following conditions:  (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips,

broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

9.    Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be permanently barred and enjoined from bringing, commencing, instituting, prosecuting, or continuing to prosecute any action, claim, or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 7 above.

10.   **Exclusion From the Class** – Any Class Member who wishes to exclude himself, herself, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *RH Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217, and (b) each request for exclusion

6

must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *In re RH, Inc. Securities Litigation*; (iii) state the number of shares of RH common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on March 26, 2015 and (B) purchased/acquired and/or sold from March 26, 2015 through September 6, 2016, as well as the dates, number of shares, and prices of each such purchase/acquisition or sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above.

11. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

12. Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be permanently barred and enjoined from bringing, commencing, instituting, prosecuting, or continuing to prosecute any action, claim, or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim, as more fully described in the Stipulation and Notice.

13. **Appearance and Objections at Settlement Hearing** – Any Class Member who or which does not request exclusion from the Class may enter an appearance in the Action, at his,

7

her, or its own expense, individually or through counsel of his, her, or its own choice, by filing a notice of appearance with the Clerk of Court such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Class Member who does not enter an appearance will be represented by Lead Counsel.

14.    Any Class Member who or which does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court no later than twenty-one (21) calendar days prior to the Settlement Hearing.

15.    Any objections, filings, and other submissions by the objecting Class Member: must state the objector's full name, address, and phone number; be signed by the objector; state the basis for the objector's belief that he, she, or it is a member of the Class; and the basis of the objection and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class.  All written objections and supporting papers must: (a) clearly identify the case name and number (*In re RH, Inc. Securities Litigation*, Case No. 4:17-00554 YGR); (b) be submitted to the Court either by mailing them to the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay Street, Suite 400S, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California; and (c) be filed or postmarked on or before than twenty-one (21) calendar days prior to the Settlement Hearing.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

16.     Any Class Member who or which does not make his, her, or its objection in the manner provided herein may be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

17.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members of the Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

18.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

19.     **Settlement Fund** – The contents of the Settlement Fund, which shall be held by Citibank, N.A. (which the Court approves as the Escrow Agent) shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court, in a manner consistent with the provisions of the Stipulation.

21.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of March 21, 2019, as provided in the Stipulation.

22.    **Use of This Order** – This Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, and any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith) shall not be deemed to be, and may not be argued to be or offered or received: (a) against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants or Defendants' Releasees, or other wrongdoing of any kind of any of the Defendants' Releasees, nor in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, administrative, or other action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with

respect to any liability, negligence, fault, or wrongdoing of any kind, nor in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, administrative, or other action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) against any of the Releasees as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Amount represents the amount which could be or would have been recovered after trial of the Action; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

23.     **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, including a report on Claims received, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

24.     **Jurisdiction** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2019.

_____
The Honorable Yvonne Gonzalez Rogers
United States District Judge

#1279309

11

# Exhibit 1

**Exhibit 1**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

IN RE RH, INC. SECURITIES
LITIGATION

Case No. 4:17-00554-YGR

ECF CASE

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND
PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING;
AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**If you purchased or acquired the common stock of RH (formerly known as Restoration
Hardware Holdings, Inc.) during the period from March 26, 2015 through June 8, 2016,
inclusive, you may be entitled to receive money from a class action settlement.**

*A Federal Court authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

This Notice describes important rights you may have and what steps you must take if
you wish to participate in the Settlement or wish to be excluded from the Class.

- The Settlement, if approved by the Court, will provide a total recovery of **$50,000,000**
  (on average approximately $1.22 per affected share before the deduction of Court-
  approved fees and expenses) in cash for the benefit of the Class (described below).[1]

- The Settlement resolves claims by Lead Plaintiffs Public School Teachers' Pension &
  Retirement Fund of Chicago and Arkansas Teacher Retirement System in a class action
  against RH ("RH" or the "Company"), and Gary Friedman and Karen Boone (together,
  the "Individual Defendants" and with RH, "Defendants").

- Lead Plaintiffs claim that Defendants made materially false and misleading statements
  and omissions about RH's business, including RH's new product line, RH Modern, and
  the Company's inventory levels, from March 26, 2015 through June 8, 2016, inclusive
  (the "Class Period"). Lead Plaintiffs also allege that the false and misleading statements
  inflated the price of RH common stock and that, when the truth was disclosed, the stock
  price dropped. Defendants deny any wrongdoing in this lawsuit. The Court did not decide
  in favor of either the investors or Defendants.

- If the Settlement is approved, Court-appointed lawyers for the investors will ask the
  Court for attorneys' fees of 15% of the Settlement Fund, or $7,500,000, plus interest

---

[1] All capitalized terms not defined in this Notice have the meanings provided in the Stipulation
and Agreement of Settlement, dated as of May 6, 2019 (the "Stipulation"), which can be viewed
at <u>RHSecuritiesLitigation.com</u>.

earned at the same rate as the Settlement Fund, and up to $950,000 in expenses for their and Lead Plaintiffs' work litigating the case and negotiating the Settlement.  If approved by the Court, these amounts (totaling on average approximately $0.21 per affected share) will be deducted from the $50,000,000 Settlement.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

- **If you are a Class Member, your legal rights will be affected by this Settlement whether you act or do not act.  Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN OCTOBER 8, 2019.** | This is the only way to be eligible to receive a payment from the Settlement. |
| **EXCLUDE YOURSELF FROM THE CLASS BY OCTOBER 1, 2019.** | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement.<br><br>~~This is the only option that allows you to bring, continue, or be a~~ part of any other lawsuit against any of the Defendants or the other Defendants' Releasees (defined in ¶ 29 below) concerning the Released Plaintiffs' Claims (defined in ¶ 28 below). |
| **OBJECT BY OCTOBER 1, 2019.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like it/them. |
| **GO TO A HEARING ON OCTOBER 22, 2019.** | You may ask to speak in Court about the Settlement. |
| **DO NOTHING.** | Get no payment AND give up your rights to bring your own individual action. |

**Deleted:** _____

**Deleted:** _____

**Deleted:** _____

**Deleted:** _____

### Identification of Attorneys' Representatives

Lead Plaintiffs and the Class are represented by Bernstein Litowitz Berger & Grossmann LLP, the Court-appointed Lead Counsel. Any questions regarding the Settlement should be directed to Jonathan D. Uslaner, Esq., Bernstein Litowitz Berger & Grossmann LLP, 2121 Avenue of the Stars, Suite 2575, Los Angeles, CA 90067, (800) 380-8496, settlements@blbglaw.com.

**Deleted:** 12481 High Bluff Drive, Suite 300, San Diego, CA 92130-3582

This Notice summarizes the proposed Settlement.  For the precise terms and conditions of the Settlement, please see the Stipulation and Agreement of Settlement available at RHSecuritiesLitigation.com; contact class counsel; access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov; or visit the office of the Clerk of the Court for the United States District

Court for the Northern District of California, 1301 Clay Street, Suite 400S, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice? ..... Page __
What Is This Case About?  What Has Happened So Far? ..... Page __
Why Is This A Class Action? ..... Page __
How Do I Know If I Am Affected By The Settlement?
  Who Is Included In The Class? ..... Page __
What Are Lead Plaintiffs' Reasons For The Settlement? ..... Page __
What Might Happen If There Were No Settlement? ..... Page __
How Are Class Members Affected By The Action And The Settlement? ..... Page __
How Do I Participate In The Settlement?  What Do I Need To Do? ..... Page __
How Much Will My Payment Be? ..... Page __
What Payment Are The Attorneys For Class Seeking?
  How Will The Lawyers Be Paid? ..... Page __
What If I Do Not Want To Be A Member Of The Class?
  How Do I Exclude Myself? ..... Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
  Do I Have To Come To The Hearing?  May I Speak At The Hearing
  If I Don't Like The Settlement? ..... Page __
What If I Bought Shares On Someone Else's Behalf? ..... Page __
Can I See The Court File?  Whom Should I Contact If I Have Questions? ..... Page __
Proposed Plan Of Allocation Of The Net Settlement Fund ..... Page __

| WHY DID I GET THIS NOTICE? |
|---|

1.    **The Court authorized that this Notice be sent to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or acquired the common stock of RH (formerly known as Restoration Hardware Holdings, Inc.) from March 26, 2015 through June 8, 2016, inclusive.**

2.    If this description applies to you or someone in your family, you have a right to know about the proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

3.    This Notice explains the lawsuit, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

4.    The Court in charge of this Action is the United States District Court for the Northern District of California (the "Court"), and the case is known as *In re RH, Inc. Securities Litigation*,

3

Case No. 4:17-00554-YGR (N.D. Cal.) (the "Action").  The Action is assigned to the Honorable Yvonne Gonzalez Rogers, United States District Judge.

5.     The Court did not decide in favor of Lead Plaintiffs or the Defendants. Instead, they have agreed to a settlement.  For Lead Plaintiffs, the principal reason for the Settlement is the certain benefit of a substantial cash recovery for the Class, in contrast to the risks and uncertainties of succeeding through dispositive motions and proving all necessary elements of their claims at a jury trial, and the costs and delays inherent in such litigation (including any appeals).

6.     For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that any Class Members were damaged, the principal reasons for entering into the Settlement are to bring to an end the substantial burden, expense, uncertainty, and risk of further litigation.

| **WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?** |
| --- |

7.     **The Action involves allegations that, during the period from March 26, 2015 through June 8, 2016, Defendants made misrepresentations about key elements of RH's business, including RH's new product line, RH Modern, and the Company's inventory levels.**

8.     The initial complaint in the Action was filed on February 2, 2017.  The Court subsequently appointed Public School Teachers' Pension & Retirement Fund of Chicago and Arkansas Teacher Retirement System as Lead Plaintiffs and approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the class.

9.     On June 12, 2017, Lead Plaintiffs filed and served the Consolidated Class Action Complaint for Violation of the Federal Securities Laws (the "Complaint"), asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  The Complaint alleges that, during the Class Period, Defendants made materially false and misleading statements about the launch of RH's new product line, RH Modern, and the Company's inventory levels.  The Complaint further alleges that the price of RH common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

10.   On February 26, 2018, after full briefing and oral argument on the motion, the Court entered an Order denying Defendants' motion to dismiss.

11.   Discovery in the Action commenced in March 2018.  Defendants and third parties produced a total of over 10 million pages of documents to Lead Plaintiffs, and Lead Plaintiffs produced over 12,000 pages of documents to Defendants.  Fifteen depositions were taken in the Action.

12.   On October 11, 2018, the Court certified the Class and appointed Lead Plaintiffs as Class Representatives and Bernstein Litowitz Berger & Grossmann LLP as Class Counsel.

13.   The Parties engaged in two full-day private mediation sessions before former United States District Judge Layn R. Phillips.  The second took place on March 1, 2019.  Following the second mediation session, Judge Phillips issued a mediator's proposal on March 3, 2019, and the Parties continued their negotiations.  Those negotiations culminated in a Term Sheet dated March 21, 2019.

4

Formatted: Font: Bold

14.   On May 6, 2019, the Parties entered into a Stipulation and Agreement of Settlement (the "Stipulation"), which sets forth the terms and conditions of the Settlement.  The Stipulation can be viewed at RHSecuritiesLitigation.com.

**15.   On _____, 2019, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.**

Formatted: Font: Bold

| WHY IS THIS A CLASS ACTION? |
|---|

16.   In a class action, one or more persons or entities (in this case, Lead Plaintiffs) sue on behalf of people and entities that have similar claims.  Together, these people and entities are a class, and each is a class member.  Bringing a case, such as this one, as a class action allows the Court to resolve many similar claims of persons and entities that might be economically too small to bring as individual actions.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt out," from the class.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS? |
|---|

17.   If you are a member of the Class, you are subject to the Settlement, unless you timely request to be excluded.  The Class consists of:

all persons and entities who purchased or otherwise acquired the common stock of RH during the period from March 26, 2015 through June 8, 2016, inclusive (the "Class Period").

Excluded from the Class are: (i) Defendants; (ii) Immediate Family Members of the Individual Defendants;[2] (iii) any person who was an Officer or director of RH; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) any person who is alleged to have participated in the wrongdoing alleged;[3] (vi) parents or subsidiaries of RH; (vii) all RH plans that are covered by ERISA; and (viii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such.

Also excluded from the Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself," on page [__] below.

**Please Note:  Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive proceeds from the Settlement.**

---

[2] "Immediate Family Members" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this definition, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

[3] This exclusion only applies and refers to the two Individual Defendants.  For the avoidance of doubt, the Individual Defendants expressly deny that they were involved in any wrongdoing.

If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice and the required supporting documentation as set forth therein, postmarked no later than October 8, 2019.

**Deleted:** _____

| WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
| --- |

**Formatted:** Font: Bold

18.   **Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the substantial risks they would face in establishing liability and damages.**  To defeat summary judgment and prevail at trial, Lead Plaintiffs would have been required to prove not only that Defendants' statements were false, but that the Individual Defendants knew that their statements were false when made or were deliberately reckless in making the statements, and that the revelation of the truth about Defendants' false and misleading statements caused declines in the price of RH's stock. In addition, Lead Plaintiffs would have had to establish the amount of class-wide damages.

19.   Defendants would have had substantial arguments to make concerning each of these issues. For example, Lead Plaintiffs would face substantial challenges in proving that Defendants' statements about the launch of RH Modern and the Company's inventory levels were false when made.  Defendants would argue that the Company had simply suffered unexpected short-term supply chain issues and, accordingly, their statements were accurate when made.  Defendants would also argue that, even if any of their statements were false or misleading, they did not have an intent to mislead investors.  Indeed, Defendants argued vigorously that they had no motive to commit fraud and that the Individual Defendants did not benefit from the alleged fraud.  Finally, Defendants would argue that Lead Plaintiffs could not establish loss causation because certain of the disclosures were not corrective of the previously alleged misstatements.

20.   Further, in order to obtain a recovery for the Class, Lead Plaintiffs would have to prevail at several stages, including summary judgment and trial – and, even if they prevailed on those, on the appeals that were likely to follow.  Thus, there were significant risks attendant to the continued prosecution of the Action, and there was no guarantee that further litigation would have resulted in a higher recovery, or any recovery at all.

21.   In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.  Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Class, namely $50,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery or no recovery after summary judgment, trial, and appeals, possibly years in the future.

22.   Defendants have denied all claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
|:---:|

23.   If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Class could recover less than the amount provided in the Settlement, or nothing at all.

| HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT? |
|:---:|

24.   As a Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page [___] below.

25.   If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself?," on page [___] below.

26.   If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page [___] below.

27.   If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Class Members, on behalf of themselves and their respective spouses, heirs, executors, beneficiaries, administrators, predecessors, successors, and assigns, in their capacities as such, and any Person(s) claiming (now or in the future) through or on behalf of any of them directly or indirectly, regardless of whether such Plaintiff or Class Member ever seeks or obtains by any means (including, without limitation, by submitting a Claim Form to the Claims Administrator) any distribution from the Net Settlement Fund: (a) shall have fully, finally, and forever compromised, settled, released, relinquished, waived, dismissed, and discharged each and all of the Released Plaintiffs' Claims (as defined in ¶ 28 below), including Unknown Claims (as defined in ¶ 30 below), against each and all of the Defendants' Releasees (as defined in ¶ 29 below), and shall have covenanted not to sue any of the Defendants' Releasees with respect to any of the Released Plaintiffs' Claims (including any Unknown Claims) except to enforce the releases and other terms and conditions of the Settlement; and (b) shall be forever permanently barred, enjoined, and restrained from bringing, commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Released Plaintiffs' Claims (including any Unknown Claims) against any of the Defendants' Releasees in

7

the Action or in any other action or proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind.

28. **"Released Plaintiffs' Claims"** means all claims, rights, liabilities, and causes of action of every nature and description, whether known claims or Unknown Claims, contingent or absolute, mature or not mature, discoverable or undiscoverable, liquidated or unliquidated, accrued or not accrued, including those that are concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member(s) of the Class: (i) asserted in the Action, or (ii) could have asserted in any forum, that arise out of, are based upon, or relate to, directly or indirectly, in whole or in part, (A) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action and that relate to the purchase, sale, acquisition, or retention of RH common stock during the Class Period; or (B) Defendants' and/or their attorneys' defense or settlement of the Action and/or the claims alleged therein. Released Plaintiffs' Claims do not include: (i) any claims asserted on behalf of the Company in *In re RH Shareholder Derivative Litig.*, Lead Case No. 4:18-cv-02452-YGR (N.D. Cal.); *Magnani v. Friedman, et al.*, Case No. 3:18-cv-02452-YGR (N.D. Cal.); or *Izmirliyan v. Friedman, et al.*, Case No. 4:18-cv-3930-YGR (N.D. Cal.), or any cases consolidated into any of the foregoing actions; (ii) any claims relating to the enforcement of the Settlement; and (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

29. **"Defendants' Releasees"** means, collectively, each and all of (i) the Defendants, each Individual Defendant's Immediate Family Members, any entity in which any Defendant or Individual Defendant's Immediate Family Members has, or had during the Class Period, a controlling interest (directly or indirectly), and any estate or trust of which any Individual Defendant is a settlor or which is for the benefit of any Individual Defendant and/or his or her Immediate Family Members; and (ii) for each and every Person listed in part (i), their respective past, present, and future heirs, executors, administrators, predecessors, successors, assigns, employees, agents, affiliates, analysts, assignees, attorneys, auditors, co-insurers, commercial bank lenders, consultants, controlling shareholders, directors, divisions, financial advisors, general or limited partners, general or limited partnerships, insurers, investment advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, managing directors, marital communities, members, officers, parents, personal or legal representatives, principals, reinsurers, shareholders, subsidiaries (foreign or domestic), trustees, underwriters, and other retained professionals, in their respective capacities as such.

30. **"Unknown Claims"** means, collectively, any and all Released Plaintiffs' Claims that Lead Plaintiffs or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to agree to all the various releases set forth in the Stipulation, or that might have affected his, her, or its decision not to object to the Settlement, or not to exclude himself, herself, or itself from the Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected or undisclosed, concealed, or hidden. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of

8

the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

31.     The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and their respective spouses, heirs, executors, beneficiaries, administrators, predecessors, successors, and assigns, in their capacities as such, and any Person(s) claiming (now or in the future) through or on behalf of any of them directly or indirectly, (a) shall have fully, finally, and forever compromised, settled, released, relinquished, waived, dismissed, and discharged each and all of the Released Defendants' Claims (as defined in ¶ 32 below) against each and all of Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 33 below), and shall have covenanted not to sue any of the Plaintiffs' Releasees with respect to any of the Released Defendants' Claims (including any Unknown Claims) except to enforce the releases and other terms and conditions contained in the Settlement; and (b) shall be forever permanently barred, enjoined, and restrained from bringing, commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Released Defendants' Claims (including any Unknown Claims) against any of the Plaintiffs' Releasees in any action or proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind.  This release shall not apply to any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

32.     **"Released Defendants' Claims"** means all claims, rights, liabilities, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

33.     **"Plaintiffs' Releasees"** means (i) Lead Plaintiffs, all other plaintiffs in the Action, and all other Class Members, and their respective Immediate Family Members; and (ii) for each and every Person listed in part (i), their respective past, present, and future heirs, executors, administrators, predecessors, successors, assigns, employees, agents, affiliates, analysts, assignees, attorneys, auditors, co-insurers, commercial bank lenders, consultants, controlling shareholders, directors, divisions, financial advisors, general or limited partners, general or limited partnerships, insurers, investment advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, managing directors, marital communities, members, officers, parents, personal or legal representatives, principals, reinsurers, shareholders, subsidiaries (foreign or domestic), trustees, underwriters, and other retained professionals, in their respective capacities as such.

9

| **HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?** |
|---|

34.   To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than October 8, 2019**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, RHSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-866-217-4456.  Please retain all records of your ownership of and transactions in RH common stock, as they may be needed to document your Claim.  If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| **HOW MUCH WILL MY PAYMENT BE?** |
|---|

35.   **At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.   However, pursuant to the Settlement, Defendants have agreed to pay or caused to be paid fifty million dollars ($50,000,000) in cash.  The proceeds of the Settlement, after deduction of attorneys' fees, costs, and expenses approved by the Court, will be distributed based on the Plan of Allocation on pages ____ to ____ below.**

36.   The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state, and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Class Members and administering the Settlement on behalf of Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

37.   The proceeds of the Settlement will be distributed in accordance with a plan of allocation that is approved by the Court.  The amounts to be distributed to individual Class Members will depend on a variety of factors, including: the number of other Class Members who submit valid Claim Forms; the number of shares of RH common stock the claimant purchased during the Class Period; the prices and dates of those purchases; and the prices and dates of any sales of such stock.

38.   The proposed Plan of Allocation, which is subject to Court approval, appears on pages ___-___ of this Notice.  Please review the Plan of Allocation carefully.

| **WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?**<br>**HOW WILL THE LAWYERS BE PAID?** |
|---|

39.   Lead Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor has Lead Counsel been reimbursed for its out-of-pocket

expenses.  Before final approval of the Settlement, **Lead Counsel will apply to the Court for an award of attorneys' fees in the amount of 15% of the Settlement Fund**.  At the same time, Lead Counsel also intends to apply for payment of Litigation Expenses in an amount not to exceed $950,000, which may include an application for the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class in an amount not to exceed $10,000.  The Court will determine the amount of any award of attorneys' fees or Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

**WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS? HOW DO I EXCLUDE MYSELF?**

40.   Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Class, addressed to *RH Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217.  The exclusion request must be ***received*** **no later than** October 1, **2019**.  You will not be able to exclude yourself from the Class after that date.

41.   Each Request for Exclusion must (a) state the name of the person or entity requesting exclusion, along with his, her, or its address and phone number; (b) state that such person or entity wishes to be excluded from the Class in *RH Securities Litigation*; (c) state the number of shares of RH common stock that the person or entity requesting exclusion (i) owned as of the opening of trading on March 26, 2015 and (ii) purchased/acquired and/or sold from March 26, 2015 through September 6, 2016, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

42.   If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

43.   If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

44.   RH has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and RH.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

45.   Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.

11

46.   The Settlement Hearing will be held on October 22, 2019 at 2:00 p.m., before the Honorable Yvonne Gonzalez Rogers at Courtroom 1 of the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

47.   Any Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.  You can ask the Court to deny approval of the Settlement by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement.  If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue.  If that is what you want to happen, you must object.  You may also appear at the Settlement Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for hiring and paying that attorney.

48.   Any objection to the proposed Settlement must be in writing.  You may object to the proposed Settlement, the Plan of Allocation, or the requested fees and expenses in writing by providing your full name, address, phone number, and signature; the basis for your belief that you are a member of the Class; and the basis of your objection and whether the objection applies only to you, to a specific subset of the Class, or to the entire Class.  All written objections and supporting papers must: (a) clearly identify the case name and number (*In re RH, Inc. Securities Litigation*, Case No. 4:17-00554-YGR); (b) be submitted to the Court either by mailing them to the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay Street, Suite 400S, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California; and (c) be filed or postmarked on or before **October 1, 2019**.

49.   You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Class or if you are not a member of the Class.

50.   You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file a written objection in accordance with the procedures described above, unless the Court orders otherwise.

51.   If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Court by **October 1, 2019**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

52.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court by **October 1, 2019**.

12

53.   The Settlement Hearing may be adjourned by the Court without further written notice to the Class.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel, by checking the settlement website at RHSecuritiesLitigation.com, or by accessing the court file, as described below.

54.   **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

### WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

55.   If you purchased or acquired RH common stock from March 26, 2015 through June 8, 2016, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *RH Securities Litigation*, c/o A.B. Data, Ltd., Attn: Fulfillment Dept., P.O. Box 173074, Milwaukee, WI 53217. If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, RHSecuritiesLitigation.com, or by calling the Claims Administrator toll-free at 1-866-217-4456.

### CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

56.   This Notice contains only a summary of the terms of the proposed Settlement.  **For more detailed information about the matters involved in this Action, you may visit the website, RHSecuritiesLitigation.com, where you can access copies of the Stipulation, the Complaint, and any related orders entered by the Court.**  Alternatively, you may access the papers on file in the Action through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay Street, Suite 400S, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

Formatted: Font: Bold

Deleted: you are referred to

Deleted: , including the Stipulation, which may be reviewed by accessing the Court docket in this case

Deleted: Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, RHSecuritiesLitigation.com.

13

All inquiries concerning this Notice and the Claim Form should be directed to:

*RH Securities Litigation*     and/or     Jonathan D. Uslaner, Esq.
c/o A.B. Data, Ltd.                               Bernstein Litowitz Berger
P.O. Box 173074                                  & Grossmann LLP
Milwaukee, WI 53217              2121 Avenue of the Stars, Suite 2575
                                   Los Angeles, CA 90067
                                   (800) 380-8496

(866) 217-4456                       settlements@blbglaw.com
info@RHSecuritiesLitigation.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2019          By Order of the Court
                              United States District Court
                              Northern District of California

**Deleted:** 12481 High Bluff Drive, Suite 300¶
San Diego, CA 92130-3582

14

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

57.   **The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws.**  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

*[Formatted: Font: Bold]*

58.   In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of artificial inflation in the per-share closing price of RH common stock which allegedly was proximately caused by Defendants' alleged materially false and misleading statements and omissions.

59.   In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in RH common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and omissions, adjusting for price changes that were attributable to market or industry forces.  The estimated artificial inflation in RH common stock is stated in Tables A-1 and A-2 at the end of this Notice.

60.   In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of RH common stock.  In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period between March 26, 2015 and June 8, 2016, inclusive, which had the effect of artificially inflating the price of RH common stock.  Lead Plaintiffs further allege that corrective information was released to the market on:  December 10, 2015 (after the close of trading), February 24, 2016 (after the close of trading), March 17, 2016 (before the opening of trading), and June 8, 2016 (after the close of trading), which partially removed the artificial inflation from the prices of RH common stock on:  December 10-14, 2015, February 25, 2016, March 17, 2016, and June 9-10, 2016.[4]

61.   Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the respective prices of RH common stock at the time of purchase or acquisition and at the time of sale, or the difference between the actual purchase price and sale price.  Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation, a Class Member who or which purchased or otherwise acquired RH common stock prior to the first corrective disclosure, which occurred after the close of the financial markets on December 10, 2015, must have held his, her, or its shares of RH common stock through at least the opening of trading on December 11, 2015.  A Class Member who purchased or otherwise acquired RH

---

[4] With respect to the partial corrective disclosure that occurred on December 10, 2015, the alleged artificial inflation was removed from the price of RH common stock over the following two days: Friday, December 11, 2015 and Monday, December 14, 2015.  With respect to the partial corrective disclosure that occurred on June 8, 2016, the alleged artificial inflation was removed from the price of RH common stock over the following two days: Thursday, June 9, 2016 and Friday, June 10, 2016.

common stock from December 11, 2015 through and including the close of trading on June 8, 2016 must have held those shares through at least one of the later dates where new corrective information was released to the market and partially removed the artificial inflation from the price of RH common stock.

62.   The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

63.   Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.   Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

64.   Approval of the Settlement is independent from approval of a plan of allocation.   Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

65.   Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form post-marked on or before October 8, 2019 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.   This means that each Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 28 above) against the Defendants' Releasees (as defined in ¶ 29 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Class Member submits a Claim Form.

66.   Participants in and beneficiaries of an RH employee benefit plan covered by ERISA ("RH ERISA Plan") should NOT include any information relating to their transactions in RH common stock held through the RH ERISA Plan in any Claim Form that they may submit in this Action. They should include ONLY shares they purchased outside of the Plan.

67.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

68.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

69.   Only Class Members or persons authorized to submit a claim on their behalf will be eligible to share in the distribution of the Net Settlement Fund.   Persons and entities that are excluded from the Class by definition or that exclude themselves from the Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

70.   Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of RH common stock that is listed on the Claim Form and for which adequate documentation is provided.   If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

**Deleted:** _____

71.   For each share of RH common stock purchased or otherwise acquired during the period from March 26, 2015 through and including the close of trading on June 8, 2016, and:

A.   Sold before December 11, 2015, the Recognized Loss Amount will be $0.00;

B.   Sold from December 11, 2015 through and including June 8, 2016, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A-1 minus the amount of artificial inflation per share on the date of sale as stated in Table A-2; or (ii) the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions);

C.   Sold from June 9, 2016 through and including the close of trading on September 6, 2016, the Recognized Loss Amount will be the least of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A-1 minus the amount of artificial inflation per share on the date of sale as stated in Table A-2; (ii) the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the average closing price between June 9, 2016 and the date of sale as stated in Table B below; or (iii) the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions); or

D.   Held as of the close of trading on September 6, 2016, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A-1; or (ii) the purchase/acquisition price (excluding all fees, taxes, and commissions) minus $29.86.[5]

## ADDITIONAL PROVISIONS

72.   **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to RH common stock.

73.   **FIFO Matching:**  If a Class Member made more than one purchase/acquisition or sale of RH common stock during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis.   Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in

---

[5]  Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of RH common stock during the "90-day look-back period," June 9, 2016 through and including September 6, 2016.  The mean (average) closing price for RH common stock during this 90-day look-back period was $29.86.

chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

74.     **"Purchase/Sale" Dates:**  Purchases or acquisitions and sales of RH common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of RH common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of RH common stock for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of RH common stock unless (i) the donor or decedent purchased or otherwise acquired or sold such RH common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to shares of such shares of RH common stock.

75.     **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the RH common stock.  The date of a "short sale" is deemed to be the date of sale of the RH common stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

76.     In the event that a Claimant has an opening short position in RH common stock, the earliest purchases or acquisitions of RH common stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

77.     **Common Stock Purchased/Sold Through the Exercise of Options:**  Option contracts are not securities eligible to participate in the Settlement.  With respect to RH common stock purchased or sold through the exercise of an option, the purchase/sale date of the security is the exercise date of the option and the purchase/sale price is the exercise price of the option.

78.     **Market Gains and Losses:**  The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in RH common stock during the Class Period.  For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[6] and (ii) the sum of the Claimant's Total Sales Proceeds[7] and the Claimant's Holding Value.[8]  If the Claimant's Total Purchase Amount _minus_ the sum of the Claimant's Total Sales Proceeds and

---

[6]  The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes and commissions) for all shares of RH common stock purchased or acquired during the Class Period.

[7]  The Claims Administrator shall match any sales of RH common stock during the Class Period first against the Claimant's opening position in RH common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding all fees, taxes, and commissions) for sales of the remaining shares of RH common stock sold during the Class Period is the "Total Sales Proceeds."

[8]  The Claims Administrator shall ascribe a "Holding Value" of $27.49 to each share of RH common stock purchased or acquired during the Class Period that was still held as of the close of trading on June 8, 2016.

the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

79.   If a Claimant had a Market Gain with respect to his, her, or its overall transactions in RH common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement.  If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in RH common stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

80.   **Determination of Distribution Amount:**  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

81.   If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

82.   If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

83.   After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund seven (7) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to the Investor Protection Trust.

84.   Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages or consulting experts, Defendants, Defendants' Counsel, or any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Lead Plaintiffs, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of

19

allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

85.  The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, RHSecuritiesLitigation.com.

#1289774

**TABLE A-1**

**Estimated Artificial Inflation with Respect to Purchases/Acquisitions of
RH Common Stock from March 26, 2015 through and including June 8, 2016**

| Date Range | Artificial Inflation Per Share |
|---|---|
| March 26, 2015 – December 10, 2015 | $31.82 |
| December 11, 2015 – February 24, 2016 | $24.61 |
| February 25, 2016 – March 16, 2016 | $10.48 |
| March 17, 2016 – June 8, 2016 | $8.02 |
| After June 8, 2016 | $0.00 |

**TABLE A-2**

**Estimated Artificial Inflation with Respect to Sales of
RH Common Stock from March 26, 2015 through and including June 9, 2016**

| Date Range | Artificial Inflation Per Share |
|---|---|
| March 26, 2015 – December 10, 2015 | $31.82 |
| December 11, 2015 – December 13, 2015 | $29.45 |
| December 14, 2015 – February 24, 2016 | $24.61 |
| February 25, 2016 – March 16, 2016 | $10.48 |
| March 17, 2016 – June 8, 2016 | $8.02 |
| June 9, 2016 | $1.20 |
| After June 9, 2016 | $0.00 |

20

**TABLE B**

**90-Day Lookback Table for RH Common Stock**
**(Closing Price and Average Closing Price:  June 9, 2016 – September 6, 2016)**

| Date | Closing Price | Average Closing Price Between June 9, 2016 and Date Shown | Date | Closing Price | Average Closing Price Between June 9, 2016 and Date Shown |
|---|---|---|---|---|---|
| 6/9/2016 | $28.41 | $28.41 | 7/25/2016 | $30.56 | $28.19 |
| 6/10/2016 | $26.56 | $27.49 | 7/26/2016 | $29.72 | $28.23 |
| 6/13/2016 | $25.68 | $26.88 | 7/27/2016 | $29.56 | $28.27 |
| 6/14/2016 | $25.88 | $26.63 | 7/28/2016 | $29.84 | $28.32 |
| 6/15/2016 | $26.25 | $26.56 | 7/29/2016 | $30.81 | $28.39 |
| 6/16/2016 | $25.97 | $26.46 | 8/1/2016 | $30.73 | $28.45 |
| 6/17/2016 | $25.99 | $26.39 | 8/2/2016 | $28.74 | $28.46 |
| 6/20/2016 | $26.12 | $26.36 | 8/3/2016 | $28.93 | $28.47 |
| 6/21/2016 | $25.77 | $26.29 | 8/4/2016 | $28.13 | $28.46 |
| 6/22/2016 | $27.62 | $26.43 | 8/5/2016 | $29.52 | $28.49 |
| 6/23/2016 | $27.92 | $26.56 | 8/8/2016 | $30.47 | $28.53 |
| 6/24/2016 | $27.56 | $26.64 | 8/9/2016 | $30.35 | $28.58 |
| 6/27/2016 | $25.39 | $26.55 | 8/10/2016 | $29.21 | $28.59 |
| 6/28/2016 | $25.82 | $26.50 | 8/11/2016 | $30.51 | $28.63 |
| 6/29/2016 | $28.05 | $26.60 | 8/12/2016 | $31.40 | $28.69 |
| 6/30/2016 | $28.68 | $26.73 | 8/15/2016 | $31.72 | $28.76 |
| 7/1/2016 | $30.00 | $26.92 | 8/16/2016 | $31.49 | $28.81 |
| 7/5/2016 | $29.55 | $27.07 | 8/17/2016 | $30.11 | $28.84 |
| 7/6/2016 | $29.76 | $27.21 | 8/18/2016 | $30.77 | $28.88 |
| 7/7/2016 | $28.84 | $27.29 | 8/19/2016 | $34.22 | $28.98 |
| 7/8/2016 | $29.62 | $27.40 | 8/22/2016 | $34.03 | $29.08 |
| 7/11/2016 | $30.27 | $27.53 | 8/23/2016 | $35.55 | $29.20 |
| 7/12/2016 | $30.71 | $27.67 | 8/24/2016 | $34.08 | $29.29 |
| 7/13/2016 | $28.77 | $27.72 | 8/25/2016 | $34.65 | $29.39 |
| 7/14/2016 | $28.64 | $27.75 | 8/26/2016 | $32.59 | $29.45 |
| 7/15/2016 | $27.50 | $27.74 | 8/29/2016 | $33.73 | $29.52 |
| 7/18/2016 | $29.50 | $27.81 | 8/30/2016 | $33.96 | $29.60 |
| 7/19/2016 | $29.01 | $27.85 | 8/31/2016 | $33.73 | $29.67 |
| 7/20/2016 | $30.51 | $27.94 | 9/1/2016 | $33.42 | $29.73 |
| 7/21/2016 | $30.62 | $28.03 | 9/2/2016 | $33.88 | $29.80 |
| 7/22/2016 | $30.42 | $28.11 | 9/6/2016 | $33.56 | $29.86 |

21

# Exhibit 2

Exhibit 2

***RH Securities Litigation***
**c/o A.B. Data, Ltd.**
**P.O. Box 173074**
**Milwaukee, WI 53217**

**Toll-Free Number:  1-866-217-4456**
**Email:  info@RHSecuritiesLitigation.com**
**Website:  <u>RHSecuritiesLitigation.com</u>**

## <u>PROOF OF CLAIM AND RELEASE FORM</u>

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, ***postmarked*** **no later than** <u>October 8,</u> **2019**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

<table>
<tr><td><u>TABLE OF CONTENTS</u></td><td><u>PAGE #</u></td></tr>
<tr><td>**PART I – CLAIMANT INFORMATION**</td><td>__</td></tr>
<tr><td>**PART II – GENERAL INSTRUCTIONS**</td><td>__</td></tr>
<tr><td>**PART III – SCHEDULE OF TRANSACTIONS IN RH COMMON STOCK**<br>       **(NYSE: RH, CUSIP: 74967X103)**</td><td>__</td></tr>
<tr><td>**PART IV – RELEASE OF CLAIMS AND SIGNATURE**</td><td>__</td></tr>
</table>

**Deleted:** _____

**PART I – CLAIMANT INFORMATION**

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's Name
First Name                                                    Last Name

Joint Beneficial Owner's Name (*if applicable*)
First Name                                                    Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

City                                                    State/Province   Zip Code

Foreign Postal Code (if applicable)            Foreign Country (if applicable)

Telephone Number (Day)                         Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim):

**Type of Beneficial Owner:**
Specify one of the following:

☐ Individual(s)        ☐ Corporation        ☐ UGMA Custodian        ☐ IRA

☐ Partnership          ☐ Estate             ☐ Trust                 ☐ Other (describe: _____ )

## PART II – GENERAL INSTRUCTIONS

1.     It is important that you completely read the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.     By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice.  If you are not a Class Member (see the definition of the Class on page __ of the Notice), or if you, or someone acting on your behalf, submitted a request for exclusion from the Class, do not submit a Claim Form.  **You may not, directly or indirectly, participate in the Settlement if you are not a Class Member.**  Thus, if you are excluded from the Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

3.     **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice or by such other plan of allocation as the Court approves.**

4.     On the Schedule of Transactions in Part III of this Claim Form, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of RH common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.     <u>Please note</u>:  Only RH common stock purchased or acquired during the Class Period (*i.e.*, from March 26, 2015 through June 8, 2016, inclusive) is eligible under the Settlement.  However, sales of the stock during the period from June 9, 2016 through September 6, 2016, inclusive, will be used for purposes of calculating your claim under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase/acquisition information during this period must also be provided.

6.     You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of RH common stock set forth in the Schedule of Transactions in Part III.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in RH common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.

7.     **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.      Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of RH common stock.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the RH common stock in your own name, you were the beneficial owner as well as the record owner.  If, however, your shares of RH common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of these shares, but the third party was the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.  If there were joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

9.      **One Claim should be submitted for each separate legal entity.**  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a Claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

10.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)      expressly state the capacity in which they are acting;

(b)      identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the RH common stock; and

(c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.      By submitting a signed Claim Form, you will be swearing that you:

(a)      own(ed) the RH common stock you have listed in the Claim Form; or

(b)      are expressly authorized to act on behalf of the owner thereof.

12.      By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13.      Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

14.      **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

15.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address, by email at info@RHSecuritiesLitigation.com, or by toll-free phone at 1-866-217-4456, or you can visit the website, RHSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

16.     NOTICE REGARDING ELECTRONIC FILES:   Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.   To obtain the *mandatory* electronic filing requirements and file layout, you may visit the settlement website at RHSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@RHSecuritiesLitigation.com.   **Any file not in accordance with the required electronic filing format will be subject to rejection.**   Only one claim should be submitted for each separate legal entity (*see* ¶ 9 above) and the *complete* name of the beneficial owner of the securities must be entered where called for (*see* ¶ 8 above).   No electronic files will be considered to have been submitted unless the Claims Administrator issues an email confirming receipt of your submission.   **Do not assume that your file has been received until you receive that email.   If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@RHSecuritiesLitigation.com to inquire about your file and confirm it was received.**

### IMPORTANT:  PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.   THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.   IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-866-217-4456.**

## PART III – SCHEDULE OF TRANSACTIONS IN RH COMMON STOCK

The only eligible security is the common stock of RH (formerly known as Restoration Hardware Holdings, Inc.) **(Ticker: NYSE: RH, CUSIP: 74967X103)** ("RH Common Stock").  Do not include information regarding securities other than RH Common Stock.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, ¶ 6, above.

**1.  HOLDINGS AS OF MARCH 26, 2015** – State the total number of shares of RH Common Stock held as of the opening of trading on March 26, 2015.  (Must be documented.)  If none, write "zero" or "0." _____

Confirm Proof of Position Enclosed ○

**2.  PURCHASES/ACQUISITIONS FROM MARCH 26, 2015 THROUGH JUNE 8, 2016** – Separately list each and every purchase or acquisition (including free receipts) of RH Common Stock from after the opening of trading on March 26, 2015 through the close of trading on June 8, 2016.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding any taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |

**3.  PURCHASES/ACQUISITIONS FROM JUNE 9, 2016 THROUGH SEPTEMBER 6, 2016** – State the total number of shares of RH Common Stock purchased or acquired (including free receipts) from June 9, 2016 through the close of trading on September 6, 2016.  If none, write "zero" or "0."[1] _____

**4.  SALES FROM MARCH 26, 2015 THROUGH SEPTEMBER 6, 2016** – Separately list each and every sale or disposition (including free deliveries) of RH Common Stock from after the opening of trading on March 26, 2015 through the close of trading on September 6, 2016.  (Must be documented.)

IF NONE, CHECK HERE ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |

---

[1] **Please note**:  Information about your purchases and acquisitions of RH Common Stock from June 9, 2016 through and including September 6, 2016 is needed in order to balance your claim.  Purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

| / / | | $ | $ | ○ |
|---|---|---|---|---|
| **5. HOLDINGS AS OF SEPTEMBER 6, 2016** – State the total number of shares of RH Common Stock held as of the close of trading on September 6, 2016.  (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ○ |

| |
|---|
| **IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.   PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐ |

### PART IV – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) respective spouses, heirs, executors, beneficiaries, administrators, predecessors, successors, and assigns, in their capacities as such, and any Person(s) claiming (now or in the future) through or on behalf of any of them directly or indirectly, regardless of whether such Plaintiff or Class Member ever seeks or obtains by any means (including, without limitation, by submitting a Claim Form to the Claims Administrator) any distribution from the Net Settlement Fund, that such persons: (a) shall have fully, finally, and forever compromised, settled, released, relinquished, waived, dismissed, and discharged each and all of the Released Plaintiffs' Claims (including Unknown Claims) against each and all of the Defendants' Releasees, and shall have covenanted not to sue any of the Defendants' Releasees with respect to any of the Released Plaintiffs' Claims (including any Unknown Claims) except to enforce the releases and other terms and conditions contained in the Stipulation or the Judgment or Alternate Judgment entered pursuant thereto; and (b) shall be forever permanently barred, enjoined, and restrained from bringing, commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Released Plaintiffs' Claims (including any Unknown Claims) against any of the Defendants' Releasees in the Action or in any other action or proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind.

### CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

     1.    that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

     2.    that the claimant(s) is a (are) Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;

     3.    that the claimant(s) did ***not*** submit a request for exclusion from the Class;

     4.    that I (we) own(ed) the RH common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Released Defendant Persons to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

     5.    that the claimant(s) has (have) not submitted any other claim covering the same purchases of RH common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

     6.    that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

     7.    that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

     8.    that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waive(s) any right of appeal or review

with respect to such determination;

9.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____            _____
Signature of claimant                                                                              Date

_____
Print claimant name here

_____            _____
Signature of joint claimant, if any                                                           Date

_____
Print joint claimant name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____            _____
Signature of person signing on behalf of claimant                                 Date

_____
Print name of person signing on behalf of claimant here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see ¶ 10 on page __ of this Claim Form.)

## REMINDER CHECKLIST

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-866-217-4456.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@RHSecuritiesLitigation.com, or by toll-free phone at 1-866-217-4456, or you may visit RHSecuritiesLitigation.com.  DO NOT call RH or its counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, *POSTMARKED* NO LATER THAN OCTOBER 8, 2019, ADDRESSED AS FOLLOWS:

Deleted: _____

*RH Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173074
Milwaukee, WI 53217

1-866-217-4456
RHSecuritiesLitigation.com

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before October 8, 2019 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

Deleted: _____

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# Exhibit 3

**Exhibit 3**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE RH, INC. SECURITIES LITIGATION | Case No. 4:17-00554-YGR<br><br>ECF CASE |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND
PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND
(III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO:   All persons and entities who, during the period from March 26, 2015 and June 8, 2016 inclusive, purchased or otherwise acquired the common stock of RH (formerly Restoration Hardware Holdings, Inc.) (the "Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Class, except for certain persons and entities who are excluded from the Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed settlement of the Action for $50,000,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on October 22, 2019 at 2:00 p.m., before the Honorable Yvonne Gonzalez Rogers at Courtroom 1 of the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, to determine whether: (1) the proposed Settlement should be approved as fair, reasonable, and adequate; (2) the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated May 6, 2019 (and in the Notice) should be granted; (3) the proposed Plan of Allocation should be approved as fair and reasonable; and (4) the application of Lead Counsel for an award of attorneys' fees of 15% of the Settlement Fund (or $7,500,000 plus interest) and payment of litigation expenses of up to $950,000 from the Settlement Fund, which may include the expenses of Lead Plaintiffs directly related to their representation of the Class, should be approved.

Deleted: _____

Deleted: _

Deleted: _

Deleted: _

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *RH Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173074, Milwaukee, WI 53217. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, RHSecuritiesLitigation.com.

If you are a member of the Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than October 8, 2019. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion such that it is *received* no later than October 1, 2019, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than October 1, 2019, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, RH, or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
Jonathan D. Uslaner, Esq.
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
(800) 380-8496
settlements@blbglaw.com

Requests for the Notice and Claim Form should be made to:

*In re RH, Inc. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173074
Milwaukee, WI 53217
(866) 217-4456 (toll free)
RHSecuritiesLitigation.com

By Order of the Court

2

Deleted: _____

Deleted: _____

Deleted: _____

Deleted: 12481 High Bluff Drive, Suite 300

Deleted: San Diego, CA 92130-3582

# Exhibit 4

BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
JONATHAN D. USLANER (Bar No. 256898)
jonathanu@blbglaw.com
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:    (858) 793-0070
Fax:    (858) 793-0323

*Counsel for Lead Plaintiffs Public School
Teachers' Pension & Retirement Fund of
Chicago and Arkansas Teacher Retirement
System and Lead Counsel for the Class*

[Additional counsel appear on signature page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE RH, INC. SECURITIES LITIGATION | Case No. 4:17-00554-YGR |
| | ECF CASE |
| | **STIPULATION AND** <br> **<u>AGREEMENT OF SETTLEMENT</u>** |

1    This Stipulation and Agreement of Settlement, dated as of May 6, 2019 (the
2    "Stipulation"), is entered into by and between (a) Lead Plaintiffs Public School Teachers'
3    Pension & Retirement Fund of Chicago and Arkansas Teacher Retirement System ("Lead
4    Plaintiffs") on behalf of themselves and the Class (defined below); and (b) defendants RH ("RH"
5    or the "Company"), and Gary Friedman and Karen Boone (collectively, the "Individual
6    Defendants" and, together with RH, "Defendants"), and embodies the terms and conditions of
7    the settlement of the above-captioned action (the "Action").  Subject to the approval of the Court
8    and the terms and conditions expressly provided herein, this Stipulation is intended to fully,
9    finally, and forever compromise, settle, release, resolve, waive, discharge, and dismiss with
10   prejudice the Action and all Released Plaintiffs' Claims (defined below) against Defendants and
11   the other Defendants' Releasees (defined below) and all Released Defendants' Claims (also
12   defined below) against Lead Plaintiffs and the other Plaintiffs' Releasees (also defined below).

13   WHEREAS:

14   A.    On February 2, 2017, a class action complaint, styled *City of Miami General*
15   *Employees' & Sanitation Employees' Retirement Trust v. RH, Inc., et al.*, Civil Action No. 17-cv-
16   00554-YGR, was filed in the United States District Court for the Northern District of California
17   (the "Court") asserting violations of federal securities laws against RH and the Individual
18   Defendants.  (ECF No. 1.)  In accordance with the Private Securities Litigation Reform Act of
19   1995, 15 U.S.C. § 78u-4, as amended (the "PSLRA"), notice to the public was issued stating the
20   deadline by which putative class members could move the Court for appointment as lead
21   plaintiff.  A related securities class action complaint, *Errichiello v. RH*, No. 3:17-cv-01425-WHO
22   ("*Errichiello*"), was filed in the Court on March 16, 2017.

23   B.    Public School Teachers' Pension & Retirement Fund of Chicago and Arkansas
24   Teacher Retirement System moved for appointment as Lead Plaintiffs on April 3, 2017, as did
25   several other groups of competing movants.  (ECF Nos. 7-26.)  On April 13, 2017, the Court
26   entered an Order designating *Errichiello* as a related case.  (ECF No. 30.)  On April 26, 2017, the
27   Court entered an Order which provided that the case be recaptioned as *In re RH, Inc. Securities*
28   *Litigation,* Case No. 4:17-00554-YGR; ordered that *Errichiello* be consolidated into the Action

and that any subsequently filed, removed, or transferred actions related to the claims asserted in the Action be consolidated; appointed Public School Teachers' Pension & Retirement Fund of Chicago and Arkansas Teacher Retirement System as Lead Plaintiffs for the Action; and approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the class.  (ECF No. 39.)

C.      On June 12, 2017, Lead Plaintiffs filed and served the Consolidated Class Action Complaint for Violation of the Federal Securities Laws (ECF No. 45) (the "Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  The Complaint alleges that, during the Class Period, Defendants made materially false and misleading statements about the launch of RH's new product line, RH Modern, and the Company's inventory levels.  The Complaint further alleges that the price of RH common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

D.      On August 2, 2017, Defendants filed and served a motion to dismiss the Complaint (ECF No. 50) and a request that the Court consider documents incorporated by reference in the Complaint and take judicial notice of other documents submitted to the Court (ECF No. 51).  On September 11, 2017, Lead Plaintiffs filed and served memoranda of law in opposition to Defendants' motion to dismiss and request for judicial notice.  (ECF Nos. 53-54.) On October 6, 2017, Defendants filed and served reply papers in support of their motion and request for judicial notice and made a supplemental request for judicial notice.  (ECF Nos. 56-58.)  On October 13, 2017, Lead Plaintiffs filed objections to reply evidence accompanying Defendants' reply papers.  (ECF No. 59.)

E.      The Court held oral argument on the motion to dismiss and related requests for judicial notice on October 31, 2017.  (ECF Nos. 60, 63.)  On February 26, 2018, the Court entered an Order which denied Defendants' motion to dismiss.  (ECF No. 68.)

F.      Discovery in the Action commenced in March 2018.  Lead Plaintiffs prepared and served initial disclosures, requests for production of documents, and interrogatories on

Defendants, exchanged numerous letters with Defendants concerning discovery issues, and served dozens of document subpoenas on third parties.  Defendants and third parties produced a total of over 10 million pages of documents to Lead Plaintiffs, and Lead Plaintiffs produced over 12,000 pages of documents to Defendants in response to their requests.  Fifteen depositions were taken in the Action, which included depositions of representatives of both Lead Plaintiffs and of Defendants' expert witness taken in connection with the motion for class certification, and twelve depositions of fact witnesses.

G.     On June 22, 2018, Lead Plaintiffs filed their motion for class certification, which was accompanied by a report from Lead Plaintiffs' expert, Dr. Steven Feinstein, which opined that RH common stock traded in an efficient market during the Class Period and that per-share damages could be measured for all Class Members using a common methodology.  (ECF Nos. 94-95.)  On August 14, 2018, Defendants filed their opposition to the class certification motion, which included an expert report challenging Dr. Feinstein's conclusion regarding the common damages methodology.  (ECF No. 101.)  Lead Plaintiffs filed reply papers in further support of their motion on September 11, 2018.  (ECF Nos. 103-104.)

H.     While discovery and briefing of Lead Plaintiffs' class certification motion was ongoing, the Parties agreed to private mediation before former United States District Judge Layn R. Phillips.  On August 6, 2018, the Parties (defined below) exchanged detailed mediation statements with numerous exhibits that were also submitted to Judge Phillips.  A full-day, in-person mediation session with Judge Phillips was held on August 24, 2018.  At the mediation session, the Parties engaged in vigorous settlement negotiations with the assistance of Judge Phillips but were not able to reach an agreement.

I.     On October 1, 2018, the Court held oral argument on Lead Plaintiffs' motion for class certification.  (ECF Nos. 108, 110.)  On October 11, 2018, the Court granted the motion, certifying the proposed Class, appointing Lead Plaintiffs as Class Representatives, and appointing Bernstein Litowitz Berger & Grossmann LLP as Class Counsel.  (ECF No. 111.)

J.     On October 25, 2018, Defendants filed a petition to appeal the Court's order certifying the Class to the Court of Appeals for the Ninth Circuit pursuant to Rule 23(f) of the

Federal Rules of Civil Procedure.  (ECF No. 112.)  The Court of Appeals denied that petition on January 24, 2019.  (ECF No. 121.)

K.      Following certification of the Class, the Parties' discovery efforts continued.  The Parties also continued to discuss the possible resolution of the Action through settlement.  A second mediation with Judge Phillips was scheduled for March 1, 2019.  In advance of that session, the Parties submitted and exchanged supplemental mediation statements on February 15, 2019.  After a full-day, in-person mediation session on March 1, 2019, the Parties came near to a resolution.   Judge Phillips issued a mediator's proposal on March 3, 2019, and the Parties continued their negotiations in the weeks immediately following the mediation.

L.      On March 21, 2019, the Parties executed a Term Sheet setting forth their agreement in principle to settle the Action in return for Defendants causing payment of $50,000,000.00 in cash from Defendants' D&O carriers for the benefit of the Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

M.      This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

N.      Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiffs and the other members of the Class, and in their best interests.  Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Lead Plaintiffs have agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

O.      This Stipulation constitutes a compromise of all matters that are in dispute between the Parties.   Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.  Each of the Defendants denies

4

any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of the Defendants, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiffs (individually and on behalf of all other members of the Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice as to the Defendants, upon and subject to the terms and conditions set forth below.

## **DEFINITIONS**

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Action" means the securities class action in this Court styled *In re RH, Inc. Securities Litigation,* Case No. 4:17-00554-YGR.

(b)      "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c)      "Authorized Claimant" means a Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)  "Claim" means a paper claim submitted on a Claim Form, or an electronic claim, in either instance that is submitted to the Claims Administrator.

(e)  "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, which a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(f)  "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(g)  "Claims Administrator" means the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

(h)  "Class" means the class certified in the Court's October 11, 2018 Order (ECF No. 111).  Specifically, the Class includes all persons and entities who purchased or otherwise acquired the common stock of RH during the period from March 26, 2015 through June 8, 2016, inclusive.  Excluded from the Class are (i) Defendants; (ii) Immediate Family Members of the Individual Defendants; (iii) any person who was an Officer or director of RH; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) any person who is alleged to have participated in the wrongdoing alleged[1]; (vi) parents or subsidiaries of RH; (vii) all RH plans that are covered by ERISA; (viii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such; and (ix) any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

(i)  "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

---

[1] This exclusion only applies and refers to the two Individual Defendants.  For the avoidance of doubt, the Individual Defendants expressly deny that they were involved in any wrongdoing.

1          (j)      "Class Member" means each person and entity who or which is a member

2 of the Class.

3          (k)      "Class Period" means the period from March 26, 2015 through June 8,

4 2016, inclusive.

5          (l)      "Complaint" means the Consolidated Class Action Complaint for

6 Violations of the Federal Securities Laws filed by Lead Plaintiffs in the Action on June 12, 2017.

7          (m)      "Court" or "District Court" means the United States District Court for the

8 Northern District of California.

9          (n)      "Defendants" means RH and the Individual Defendants.

10          (o)      "Defendants' Counsel" means Morrison & Foerster LLP.

11          (p)      "Defendants' Releasees" means, collectively, each and all of (i) the

12 Defendants, each Individual Defendant's Immediate Family Members, any entity in which any

13 Defendant or Individual Defendant's Immediate Family Members has, or had during the Class

14 Period, a controlling interest (directly or indirectly), and any estate or trust of which any

15 Individual Defendant is a settlor or which is for the benefit of any Individual Defendant and/or

16 his or her Immediate Family Members; and (ii) for each and every Person listed in part (i), their

17 respective past, present, and future heirs, executors, administrators, predecessors, successors,

18 assigns, employees, agents, affiliates, analysts, assignees, attorneys, auditors, co-insurers,

19 commercial bank lenders, consultants, controlling shareholders, directors, divisions, financial

20 advisors, general or limited partners, general or limited partnerships, insurers, investment

21 advisors, investment bankers, investment banks, joint ventures and joint venturers, managers,

22 managing directors, marital communities, members, officers, parents, personal or legal

23 representatives, principals, reinsurers, shareholders, subsidiaries (foreign or domestic), trustees,

24 underwriters, and other retained professionals, in their respective capacities as such.

25          (q)      "Effective Date" with respect to the Settlement means the first date by

26 which all of the events and conditions specified in ¶ 37 of this Stipulation have been met and

27 have occurred or have been waived.

28          (r)      "ERISA" means the Employee Retirement Income Security Act of 1974.

1        (s)     "Escrow Account" means an account maintained at Citibank, N.A. wherein

2 the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

3        (t)     "Escrow Agent" means Citibank, N.A.

4        (u)     "Escrow Agreement" means the agreement between Lead Counsel and the

5 Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow

6 Account.

7        (v)     "Final" means, with respect to any court order, including, without

8 limitation, the Judgment, that such order represents a final and binding determination of all

9 issues within its scope and is not subject to further review on appeal or otherwise. Without

10 limitation, an order becomes "Final" when: (i) no appeal has been filed, and the prescribed time

11 for commencing any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal

12 has been dismissed, and the prescribed time, if any, for commencing any further appeal has

13 expired, or (b) the order has been affirmed in all material respects, and the prescribed time, if

14 any, for commencing any further appeal has expired.  For purposes of this definition of "Final,"

15 an "appeal" includes any motion to alter or amend under Rule 52(b) or Rule 59(e) of the Federal

16 Rules of Civil Procedure, any appeal as of right, discretionary appeal, interlocutory appeal,

17 petition for writ of *certiorari*, or other proceeding involving writs of *certiorari* or mandamus,

18 and any other proceedings of like kind.  Any appeal or other proceeding pertaining solely to an

19 order or the part of an order adopting or approving a Plan of Allocation or solely to any order or

20 the part of an order issued solely with respect to an application for attorneys' fees and expenses

21 pursuant to ¶¶ 19-22 herein shall not in any way delay or preclude the Judgment from becoming

22 Final.

23        (w)     "Immediate Family Members" means children, stepchildren, parents,

24 stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law,

25 brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a

26 wife, or a partner in a state-recognized domestic relationship or civil union.

27        (x)     "Individual Defendants" means Gary Friedman and Karen Boone.

28

1    (y) "Judgment" means the final judgment, substantially in the form attached

2    hereto as Exhibit B, to be entered by the Court approving the Settlement.

3    (z) "Lead Counsel" means the law firm of Bernstein Litowitz Berger &

4    Grossmann LLP.

5    (aa) "Lead Plaintiffs" means Public School Teachers' Pension & Retirement

6    Fund of Chicago and Arkansas Teacher Retirement System.

7    (bb) "Litigation Expenses" means costs and expenses incurred in connection

8    with commencing, prosecuting, and settling the Action (which may include the costs and

9    expenses of Lead Plaintiffs directly related to their representation of the Class), for which Lead

10   Counsel intends to apply to the Court for reimbursement or payment from the Settlement Fund.

11   (cc) "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes;

12   (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court;

13   (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the

14   Court.

15   (dd) "Notice" means the Notice of (I) Pendency of Class Action and Proposed

16   Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation

17   Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be

18   mailed to Class Members.

19   (ee) "Notice and Administration Costs" means the costs, fees, and expenses that

20   are incurred by the Claims Administrator and/or Lead Counsel in connection with:  (i) providing

21   notice to the Class; and (ii) administering the Settlement, including but not limited to the Claims

22   process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

23   (ff) "Officer" means any officer as that term is defined in Securities and

24   Exchange Act Rule 16a-1(f).

25   (gg) "Parties" means Defendants and Lead Plaintiffs, on behalf of themselves

26   and the Class.

27   (hh) "Person" means an individual, corporation, limited liability company,

28   professional corporation, partnership, domestic partnership, limited partnership, limited liability

9

partnership, marital community, association, joint stock company, joint venture, joint venturer, estate, legal representative, trust or trustee, unincorporated association, government or any political subdivision or agency thereof, or any other business or legal entity.

(ii)     "Plaintiffs' Releasees" means (i) Lead Plaintiffs, all other plaintiffs in the Action, and all other Class Members, and their respective Immediate Family Members; and (ii) for each and every Person listed in part (i), their respective past, present, and future heirs, executors, administrators, predecessors, successors, assigns, employees, agents, affiliates, analysts, assignees, attorneys, auditors, co-insurers, commercial bank lenders, consultants, controlling shareholders, directors, divisions, financial advisors, general or limited partners, general or limited partnerships, insurers, investment advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, managing directors, marital communities, members, officers, parents, personal or legal representatives, principals, reinsurers, shareholders, subsidiaries (foreign or domestic), trustees, underwriters, and other retained professionals, in their respective capacities as such.

(jj)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(kk)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

(ll)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(mm) "Recognized Claim" means the amount of an Authorized Claimant's loss that is determined by the Claims Administrator to be compensable under the Plan of Allocation.

(nn)    "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(oo)    "Released Defendants' Claims" means all claims, rights, liabilities, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any

way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

(pp) "Released Plaintiffs' Claims" means all claims, rights, liabilities, and causes of action of every nature and description, whether known claims or Unknown Claims, contingent or absolute, mature or not mature, discoverable or undiscoverable, liquidated or unliquidated, accrued or not accrued, including those that are concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member(s) of the Class: (i) asserted in the Action, or (ii) could have asserted in any forum, that arise out of, are based upon, or relate to, directly or indirectly, in whole or in part, (A) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action and that relate to the purchase, sale, acquisition, or retention of RH common stock during the Class Period; or (B) Defendants' and/or their attorneys' defense or settlement of the Action and/or the claims alleged therein. Released Plaintiffs' Claims do not include: (i) any claims asserted on behalf of the Company in *In re RH Shareholder Derivative Litig.*, Lead Case No. 4:18-cv-02452-YGR (N.D. Cal.); *Magnani v. Friedman, et al.*, Case No. 3:18-cv-02452-YGR (N.D. Cal.); or *Izmirliyan v. Friedman, et al.*, Case No. 4:18-cv-3930-YGR (N.D. Cal.), or any cases consolidated into any of the foregoing actions; (ii) any claims relating to the enforcement of the Settlement; and (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

(qq) "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(rr) "Releases" means the releases set forth in ¶¶ 4-5 of this Stipulation.

(ss) "RH" or the "Company" means RH (formerly known as Restoration Hardware Holdings, Inc.).

(tt) "Settlement" means the settlement between Lead Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

11

1          (uu)   "Settlement Amount" means $50,000,000.00 in cash.

2          (vv)   "Settlement Fund" means the Settlement Amount plus any and all interest

3 earned thereon.

4          (ww) "Settlement Hearing" means the hearing set by the Court under

5 Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the

6 Settlement.

7          (xx)   "Summary Notice" means the Summary Notice of (I) Pendency of Class

8 Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for

9 Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to

10 Exhibit A, to be published as set forth in the Preliminary Approval Order.

11          (yy)   "Taxes" means: (i) all federal, state and/or local taxes of any kind

12 (including any interest or penalties thereon) on any income earned by the Settlement Fund;

13 (ii) any taxes or tax detriments that may be imposed upon the Defendants or their counsel with

14 respect to any income earned by the Settlement Fund for any period during which the Settlement

15 Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes,

16 provided that any such taxes or tax detriments are reported to Lead Counsel and the Escrow

17 Agent at least fourteen (14) days before distribution of the Net Settlement Fund to the

18 Authorized Claimants; and (iii) the expenses and costs incurred by Lead Counsel in connection

19 with determining the amount of, and paying, any taxes owed by the Settlement Fund (including,

20 without limitation, expenses of tax attorneys and accountants).

21          (zz)   "Term Sheet" means the Confidential Term Sheet executed by the Parties

22 on March 21, 2019.

23          (aaa) "Unknown Claims" means, collectively, any and all Released Plaintiffs'

24 Claims that Lead Plaintiffs or any other Class Member does not know or suspect to exist in his,

25 her, or its favor at the time of the release of such claims, and any Released Defendants' Claims

26 that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the

27 release of such claims, which, if known by him, her or it, might have affected his, her, or its

28 decision(s) with respect to this Settlement, including the decision to agree to all the various

12

releases set forth in this Stipulation, or that might have affected his, her, or its decision not to object to this Settlement, or not to exclude himself, herself, or itself from the Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected or undisclosed, concealed, or hidden. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.      Within fifteen (15) days of the execution of this Stipulation, Lead Plaintiffs will file a motion, after providing Defendants a reasonable opportunity to review and comment, seeking preliminary approval of the Settlement, authorization to mail notice of the Settlement to members of the Class, and the scheduling of a hearing for consideration of final approval of the Settlement. Concurrently with the motion for preliminary approval, Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

3.      The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Action as against Defendants; and (b) the Releases and other relief provided for herein.

4.      Upon the Effective Date, Lead Plaintiffs and each of the other Class Members, on behalf of themselves and their respective spouses, heirs, executors, beneficiaries, administrators, predecessors, successors, and assigns, in their capacities as such, and any Person(s) claiming (now or in the future) through or on behalf of any of them directly or indirectly, regardless of whether such Lead Plaintiff or Class Member ever seeks or obtains by any means (including, without limitation, by submitting a Claim Form to the Claims Administrator) any distribution from the Net Settlement Fund: (a) shall be deemed by this Settlement to have, and by operation of law and of the Judgment, or the Alternate Judgment, if applicable, shall have fully, finally, and forever compromised, settled, released, relinquished, waived, dismissed, and discharged each and all of the Released Plaintiffs' Claims (including Unknown Claims) against each and all of the Defendants' Releasees, and shall have covenanted not to sue any of the Defendants' Releasees with respect to any of the Released Plaintiffs' Claims (including any Unknown Claims) except to enforce the releases and other terms and conditions contained in this Stipulation or the Judgment or Alternate Judgment entered pursuant hereto; and (b) shall be forever permanently barred, enjoined, and restrained from bringing, commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Released Plaintiffs' Claims (including any Unknown Claims) against any of the Defendants' Releasees in the Action or in any other action or proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind.  The foregoing provisions shall not apply to any Person who would be a member of the Class and timely excludes himself, herself, or itself.

5.      Upon the Effective Date, Defendants, on behalf of themselves and their respective spouses, heirs, executors, beneficiaries, administrators, predecessors, successors, and assigns, in their capacities as such, and any Person(s) claiming (now or in the future) through or on behalf of

any of them directly or indirectly, (a) shall be deemed by this Settlement to have, and by operation of law and of the Judgment, or the Alternate Judgment, if applicable, shall have fully, finally, and forever compromised, settled, released, relinquished, waived, dismissed, and discharged each and all of the Released Defendants' Claims against each and all of Lead Plaintiffs and the other Plaintiffs' Releasees, and shall have covenanted not to sue any of the Plaintiffs' Releasees with respect to any of the Released Defendants' Claims (including any Unknown Claims) except to enforce the releases and other terms and conditions contained in this Stipulation or the Judgment or Alternate Judgment entered pursuant hereto; and (b) shall be forever permanently barred, enjoined, and restrained from bringing, commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Released Defendants' Claims (including any Unknown Claims) against any of the Plaintiffs' Releasees in the Action or in any other action or proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind.  This release shall not apply to any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

6.     It is understood that Lead Plaintiffs and the other Class Members or Defendants, or any of them, may hereafter discover additional or different facts from those that he, she, or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims (including Unknown Claims), but each of the Lead Plaintiffs and the Defendants shall, upon the Effective Date, expressly fully, finally, and forever discharge, settle, and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of law and of the Judgment or the Alternate Judgment, if applicable, shall have, expressly fully, finally, and forever discharged, settled, and released, any and all Released Claims.  Lead Plaintiffs and Defendants acknowledge, and the Class Members by operation of law and of the Judgment or the Alternate Judgment, if applicable, shall be deemed to have acknowledged, that the foregoing waiver of Released Claims that are Unknown Claims, including the provisions, rights, and benefits of California Civil Code § 1542 (and the inclusion

of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims), was separately bargained for and is a material element of the Settlement.

7.      By entering into this Stipulation, Lead Plaintiffs and Lead Counsel represent and warrant that they have not assigned, hypothecated, conveyed, transferred, or otherwise granted or given any interest in the Released Plaintiffs' Claims to any other Person, and the Defendants represent and warrant that they have not assigned, hypothecated, conveyed, transferred, or otherwise granted or given any interest in the Released Defendants' Claims to any other Person.

8.      The Claim Form to be executed by Claimants shall release all Released Plaintiffs' Claims against all Defendants' Releasees and shall be substantially in the form attached hereto as Exhibit 2 to Exhibit A.

9.      Notwithstanding ¶¶ 4-5 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

10.      As full and complete consideration for the Settlement, Defendants shall cause the payment of the Settlement Amount from the D&O carriers into the Escrow Account within twenty (20) business days after the later of (a) the date of entry by the Court of an order preliminarily approving this Settlement; and (b) Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including instructions for payment by wire transfer and a signed W-9 form reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.

11.      Other than the obligation of the Defendants to cause the Settlement Amount to be paid into the Escrow Account, under no circumstances will any of the Defendants' Releasees have any obligation to make any payment pursuant to this Settlement set forth herein, and will have no responsibility for, or liability or obligation whatsoever to anyone with respect to: the Settlement Fund, the Net Settlement Fund, the Escrow Account, the Claims Administrator, the Claims Administrator's actions, any transaction executed or approved by the Escrow Agent, the

16

maintenance, administration, investment, or distribution of the Settlement Fund or the Net Settlement Fund, the establishment or administration of the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes, the administration of the Settlement, or any losses incurred in connection with such matters.  The Defendants' Releasees shall have no further or other liability or obligations to Lead Plaintiffs, Lead Counsel, or any Class Member with respect to the Released Plaintiffs' Claims, except as expressly stated herein.  Notwithstanding anything herein to the contrary, the Escrow Agent shall be obligated to withhold from distribution to Authorized Claimants all funds necessary to pay all Notice and Administration Costs and all other fees, costs, and expenses associated with administration of the Settlement and the Settlement Fund; neither Defendants nor Defendants' Counsel nor any other of the Defendants' Releasees is responsible therefor, nor shall they have any liability whatsoever with respect thereto, above and beyond the Defendants' obligation to cause the Settlement Amount to be paid into the Escrow Account as set forth above.  The Settlement Fund shall indemnify and hold harmless all Defendants' Releasees for any costs of administration of the Settlement and the Settlement Fund (including, without limitation, costs associated with any such indemnification).

## USE OF SETTLEMENT FUND

12.    The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 23-35 below.

13.    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund

17

invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.  Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.

14.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for ensuring that the Escrow Account complies with the requirements and regulations governing Qualified Settlement Funds, and for filing or causing to be filed all such informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, Defendants shall cause to be provided to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all such actions as may be necessary or appropriate in connection therewith.

15.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court.  Any tax returns

prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

16.     The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

17.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all reasonable Notice and Administration Costs actually incurred and paid or payable.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice and publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.

18.     In the event the Judgment does not become Final or the Settlement is terminated as provided herein, within thirty (30) days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies then held in the Escrow Account, including interest earned but less any reasonable Notice and Administration Costs actually paid or incurred, shall be returned to the appropriate sources of funds pursuant to Defendants' instructions as provided in ¶ 39(d).  Once the Settlement and Judgment become Final, no monies shall revert to Defendants.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

19.     Lead Counsel will apply to the Court for an award of attorneys' fees to be paid solely from (and out of) the Settlement Fund.  Lead Counsel will also apply to the Court for reimbursement or payment of Litigation Expenses, which may include a request for Lead Plaintiffs' costs and expenses directly related to their representation of the Class, to be paid solely from (and out of) the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.  Defendants shall have no responsibility for the payment of attorneys' fees or Litigation Expenses to Lead Counsel beyond the obligation of Defendants to cause payment of the Settlement Amount from the D&O carriers into the Escrow Account as set forth in ¶ 10 above.

20.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel within ten (10) business days of the award by the Court, notwithstanding any appeals, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; (b) providing Defendants' Counsel with notice of Lead Plaintiffs' termination of the Settlement; or (c) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  Lead Counsel agrees to incorporate their obligation under this paragraph into any proposed order awarding attorneys' fees and Litigation Expenses filed with the Court.  Lead Counsel, as a condition of receiving such fees and Litigation Expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purposes of enforcing the provisions of this paragraph.

The Settlement is not conditioned upon any award of attorneys' fees or Litigation Expenses, and any objection to or appeal from such an award shall not affect the finality of the Settlement or the judgment of dismissal.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  Neither Lead Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

21.    Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Lead Counsel shall be payable solely from the Settlement Fund.

22.    The procedure for and the allowance or disallowance by the Court of any application by Lead Counsel for attorneys' fees or Litigation Expenses to be paid out of the Settlement Fund is not a necessary term of the Settlement or this Stipulation, and it is not a condition of this Stipulation that any particular application for attorneys' fees or expenses be approved.

**NOTICE AND SETTLEMENT ADMINISTRATION**

23.    As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.   Other than RH's obligation to provide its shareholder records as provided in ¶ 24 below, none of the Defendants, nor any of the other Defendants' Releasees, shall have any involvement in or any responsibility, authority, obligation, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or the management, disposition, investment, distribution, allocation, or disbursement of the Net Settlement Fund, the determination, administration, calculation, or payment of Claims, the payment or withholding of Taxes, any nonperformance of the Claims Administrator, or any losses incurred in connection

with any such matters.  No Person shall have any claim against the Defendants' Releasees or Defendants' Counsel arising from or relating to any of the foregoing.

24.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Claim Form to such members of the Class as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying Class Members and providing notice to the Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, RH shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) a list (consisting of names and addresses) of the record holders or purchasers of RH common stock during the Class Period, to the extent reasonably available to RH.

25.     No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve, or cause the Claims Administrator to serve, the notice pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.  Defendants are solely responsible for the costs of the CAFA notice and for administering the CAFA notice.  At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

26.     The Claims Administrator shall receive Claims and determine first, whether each Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon such Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

27.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation, and it is not a condition of the Settlement or of this Stipulation

that any particular plan of allocation be approved by the Court.  Lead Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  The Plan of Allocation is to be considered by the Court separately from its determination of the fairness, reasonableness, and adequacy of the Settlement as set forth in this Stipulation.  No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

28.    Any Class Member who does not submit a timely and valid Claim will not be entitled to receive any distribution from the Net Settlement Fund (unless by order of the Court an untimely Claim is accepted), but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, or the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing, commencing, instituting, prosecuting, or continuing to prosecute any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

29.    Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment.  Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted, in the interests of achieving substantial justice.

30.    For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in

accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)    All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by order of the Court such Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing, commencing, instituting, prosecuting, or continuing to prosecute any action, claim, or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)    Each Claim shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)    Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim

24

is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

31.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

32.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administrative fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

33.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants.  All Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from

25

bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

34.     No person or entity shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiffs and Defendants, and their respective counsel, and Lead Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

35.     All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Class Members, other Claimants, and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

**TERMS OF THE JUDGMENT**

36.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

**CONDITIONS OF SETTLEMENT AND EFFECT OF
DISAPPROVAL, CANCELLATION, OR TERMINATION**

37.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or express written waiver of all of the following events:

(a)    this Stipulation, and such other documents as may be required to obtain final Court approval of this Stipulation in a form satisfactory to the Parties, have been duly executed;

(b)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above;

(c)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 10 above;

(d)    RH has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation;

(e)    Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(f)    the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

38.    Upon the occurrence of all of the events referenced in ¶ 37 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, and the Releases herein shall be effective.

39.    If (i) RH exercises its right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)    Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of March 21, 2019.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 39 and ¶¶ 18, 20, 43, 44, 60, 61, 63, 64, 67, 68, 70, and 72, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within thirty (30) days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 20 above), less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing, shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct).  At the request of Defendants' Counsel, Lead Counsel or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds within five (5) business days of receipt of such proceeds, after deduction of any fees or expenses incurred in connection with such application for a tax refund, to Defendants (or such other persons or entities as Defendants may direct) in accordance with written instructions from Defendants' Counsel.  Notwithstanding any of the foregoing in this ¶ 39(d), the repayment obligations of the Escrow Agent and Lead Counsel pursuant to this paragraph shall not be triggered until receipt of the written repayment instructions from Defendants' Counsel.

40.     It is further stipulated and agreed that Lead Plaintiffs, provided they unanimously agree, and RH shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their or its election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of any of the following: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; or (e) the date upon which an Alternate

Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court, and the provisions of ¶ 39 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

41.    In addition to the grounds set forth in ¶ 39 above, RH shall have the unilateral right to terminate the Settlement in the event that Class Members timely and validly requesting exclusion from the Class meet the conditions set forth in a confidential supplemental agreement with Lead Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court, and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary in order for Defendants to comply with the provisions of CAFA, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Lead Plaintiffs and RH concerning the Supplemental Agreement's interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.

42.    In addition to the grounds set forth in ¶ 39 above, Lead Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 10 above, by providing written notice of the election to terminate to Defendants' Counsel and if, thereafter, there is a failure to pay the Settlement Amount within fourteen (14) calendar days of such written notice.

## <u>NO ADMISSION OF WRONGDOING</u>

43.    This Settlement compromises claims that are contested and, as such, shall not be deemed an admission by any Party as to the merits of any claim or defense.  Lead Plaintiffs acknowledge that Defendants have denied and continue to deny each and all claims of alleged

wrongdoing, while Defendants acknowledge that Lead Plaintiffs continue to maintain the validity of their lawsuit and the merits of their claims.  The Parties acknowledge that Defendants make no admission of liability or wrongdoing.

44.   The Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet or this Stipulation, or any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith) shall not be deemed to be, and may not be argued to be or offered or received:

(a)   against any of the Defendants' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants or Defendants' Releasees, or other wrongdoing of any kind of any of the Defendants' Releasees, nor in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, administrative, or other action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)   against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, nor in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or

30

other civil, criminal, administrative, or other action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     against any of the Releasees as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Amount represents the amount which could be or would have been recovered after trial of the Action;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## **MISCELLANEOUS PROVISIONS**

45.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

46.     Defendants warrant that, as to the payments to be made on their behalves, at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.

47.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction, and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, Lead Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other

Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 39 above, Lead Counsel shall promptly return any attorneys' fees and Litigation Expenses received pursuant to ¶ 20 above, plus accrued interest at the same net rate as is earned by the Settlement Fund, and any cash amounts in the Settlement Fund (including accrued interest) less any Taxes paid, due, or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable shall be returned as provided in ¶ 39.

48.   The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes which have been asserted, could have been asserted, or could be asserted by Lead Plaintiffs and any other Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims.  Lead Plaintiffs and Lead Counsel and Defendants' Counsel agree not to assert in any forum that this Action was brought by Lead Plaintiffs or defended by Defendants in bad faith or without a reasonable basis.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action.  Moreover, none of the Parties shall seek any cost-shifting claims against the others.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Judge Layn R. Phillips, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

49.   While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution), will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action is being settled voluntarily after consultation with competent legal counsel.  In all events, Lead Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by any Party

32

concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

50.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest), nor may any Party be deemed to have waived any provision (including this provision) except by a writing signed by that Party or its successor-in-interest.

51.     Neither the Class Members nor the Defendants shall be bound by this Stipulation if the Court modifies material terms hereof, provided, however, that it shall not be a basis to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Class Members, or if the Plan of Allocation is modified on appeal.  Nor shall it be a basis to terminate this Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to the distribution of the Net Settlement Fund.  Nor shall it be a basis to terminate this Stipulation if the Court denies, in whole or in part, Lead Counsel's application for attorneys' fees or Litigation Expenses.

52.     Lead Counsel is expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms.

53.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

54.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose, among other things, of entering orders providing for the implementation and enforcement of the terms of this Stipulation, including without limitation, the Releases provided for herein, and any awards of attorneys' fees and Litigation Expenses to Lead Counsel, and orders enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to

Class Members.  The Court shall also retain exclusive jurisdiction to interpret and enforce all injunctions set forth herein.

55.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

56.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of this Stipulation, unless such extensions conflict with an order of the Court, in which case the Parties shall move the Court to amend any such order.

57.    This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

58.    This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

59.    This Stipulation shall be binding upon and inure to the benefit of the successors, heirs, and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Releasee may merge, consolidate, or reorganize.

60.    The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate them shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

61.    Any action arising under or to enforce this Stipulation, or any portion hereof, shall be commenced and maintained only in the Court, and each of the Parties agrees not to contest subject matter jurisdiction or personal jurisdiction, or assert that such forum is inconvenient for any such dispute brought in this Court.

62.     The Parties warrant that, in entering into this Settlement, they have relied solely upon their own knowledge and investigation, and not upon any promise, representation, warranty, or other statement by any other Party, not expressly contained in this Stipulation or any of the incorporated Settlement documents.  It is understood by the Parties that, except for the matters expressly represented herein, the facts or law with respect to which this Stipulation is entered into may turn out to be other than or different from the facts and law now known to each Party or believed by such Party to be true; each Party therefore expressly assumes the risk of the facts or law turning out to be different, and agrees that this Stipulation shall be in all respects effective and not subject to termination by reason of any such different facts or law.

63.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Stipulation is the result of arm's-length negotiations between the Parties and that all Parties have contributed substantially and materially to the preparation of this Stipulation.

64.     All counsel and any other Person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that he, she, or it has the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

65.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

66.     Pending preliminary and final approval by the Court of the Settlement, as set forth in this Stipulation and its attached Exhibits, all proceedings in the Action shall be stayed.

67.     All dollar amounts in this Stipulation are in U.S. dollars.

68.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand

35

delivery, overnight courier, or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

| | |
|---|---|
| If to Lead Plaintiffs or Lead Counsel: | Bernstein Litowitz Berger & Grossmann LLP<br>Attn:  Jonathan D. Uslaner<br>12481 High Bluff Drive, Suite 300<br>San Diego, CA 92130<br>Telephone:  (858) 793-0070<br>Facsimile:   (858) 793-0323<br>Email:  jonathanu@blbglaw.com |
| If to Defendants or Defendants' Counsel: | Morrison & Foerster LLP<br>Attn:  Mark Foster<br>425 Market Street<br>San Francisco, CA 94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile:   (415) 268-7522<br>Email:  mfoster@mofo.com |

69.     Except as otherwise provided herein, each Party shall bear its own costs.

70.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

71.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

72.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of May 6, 2019.

1  | Dated: May 6, 2019

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP


JONATHAN D. USLANER

JONATHAN D. USLANER (Bar No. 256898)
jonathanu@blbglaw.com
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:    (858) 793-0070
Fax:    (858) 793-0323
   --and--
GERALD H. SILK
jerry@blbglaw.com
AVI JOSEFSON
avi@blbglaw.com
JOHN C. BROWNE (*Pro Hac Vice*)
johnb@blbglaw.com
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Tel:    (212) 554-1400
Fax:    (212) 554-1444

*Counsel for Lead Plaintiffs Public School
Teachers' Pension & Retirement Fund of
Chicago and Arkansas Teacher Retirement System,
and Lead Counsel for the Class*


MORRISON & FOERSTER LLP


JORDAN ETH

JORDAN ETH (CA SBN 121617)
JEth@mofo.com
MARK R.S. FOSTER (CA SBN 223682)
MFoster@mofo.com
AMANDA TRELEAVEN (CA SBN 266934)
ATreleaven@mofo.com
SU-HAN WANG (CA SBN 284863)
SWang@mofo.com
425 Market Street
San Francisco, CA 94105-2482
Tel:    (415) 268-7000

37

Fax:     (415) 268-7522

*Counsel for Defendants RH, Gary Friedman, and Karen Boone*

#1278957