UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

IN RE RH, INC. SECURITIES
LITIGATION

Case No. 4:17-00554-YGR

~~ECF CASE~~

~~[PROPOSED]~~ **ORDER AND JUDGMENT
APPROVING CLASS ACTION
SETTLEMENT, PLAN OF
ALLOCATION, ATTORNEYS' FEES
AND EXPENSES** *As Modified by the
Court*

WHEREAS, a class action is pending in this Court entitled *In re RH, Inc. Securities Litigation*, Case No. 4:17-00554-YGR (the "Action");

WHEREAS, in an Order dated October 11, 2018, this Court certified the Action to proceed as a class action on behalf of all persons and entities who purchased or otherwise acquired the common stock of RH during the period from March 26, 2015 through June 8, 2016, inclusive (the "Class Period")[1];

WHEREAS, (a) Lead Plaintiffs Public School Teachers' Pension & Retirement Fund of Chicago and Arkansas Teacher Retirement System ("Lead Plaintiffs"), on behalf of themselves and the Class, and (b) defendants RH ("RH" or the "Company"), and Gary Friedman and Karen Boone (collectively, the "Individual Defendants" and, together with RH, "Defendants," and together with Lead Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement dated May 6, 2019 (the "Stipulation"), which provides for a complete dismissal with

---

[1] Excluded from the Class are (i) Defendants; (ii) Immediate Family Members of the Individual Defendants; (iii) any person who was an Officer or director of RH; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) any person who is alleged to have participated in the wrongdoing alleged (This exclusion only applies and refers to the two Individual Defendants. For the avoidance of doubt, the Individual Defendants expressly deny that they were involved in any wrongdoing.); (vi) parents or subsidiaries of RH; (vii) all RH plans that are covered by ERISA; and (viii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such. Also excluded from the Class are the persons and entities listed on Exhibit 1 hereto, who are excluded from the Class pursuant to request.

prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation, which is attached hereto as Exhibit 2;

WHEREAS, by Order dated June 21, 2019 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and accurate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement, Plan of Allocation, and/or motion for attorneys' fees and expenses; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class and no objections to approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses have been received;

WHEREAS, the Court conducted a hearing on October 22, 2019 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; (c) whether the Plan of Allocation should be approved as fair and reasonable; and (d) whether Lead Counsel's motion for attorneys' fees and Litigation Expenses should be approved;

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.  **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.  **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on May 6, 2019; and (b) the Notice and the Summary Notice, both of which were filed with the Court on September 17, 2019.

3.  **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) the terms of the proposed Plan of Allocation of the Net Settlement Fund; (iv) Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (vi) their right to exclude themselves from the Class; and (vii) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

4.  **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. Specifically, the Court finds that (a) Lead Plaintiffs and Lead Counsel have adequately represented the Class; (b) the

Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Class under the Settlement is adequate, taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

5. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

6. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

7. **Releases**

(a) Upon the Effective Date, Lead Plaintiffs and each of the other Class Members, on behalf of themselves and their respective spouses, heirs, executors, beneficiaries, administrators, predecessors, successors, and assigns, in their capacities as such, and any Person(s) claiming (now or in the future) through or on behalf of any of them directly or indirectly, regardless of whether such Lead Plaintiff or Class Member ever seeks or obtains by any means (including, without limitation, by submitting a Claim Form to the Claims Administrator) any distribution from the Net Settlement Fund: (i) shall have fully, finally, and forever compromised, settled, released, relinquished, waived, dismissed, and discharged each and all of the Released Plaintiffs' Claims (including Unknown Claims) against each and all of the Defendants' Releasees, and shall have covenanted not to sue any of the Defendants' Releasees with respect to any of the Released Plaintiffs' Claims (including any Unknown Claims) except to enforce the releases and other

4

terms and conditions contained in the Stipulation or this Judgment; and (ii) shall be forever permanently barred, enjoined, and restrained from bringing, commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Released Plaintiffs' Claims (including any Unknown Claims) against any of the Defendants' Releasees in the Action or in any other action or proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind.

(b)     Upon the Effective Date, Defendants, on behalf of themselves, and their respective spouses, heirs, executors, beneficiaries, administrators, predecessors, successors, and assigns, in their capacities as such, and any Person(s) claiming (now or in the future) through or on behalf of any of them directly or indirectly, (i) shall have fully, finally, and forever compromised, settled, released, relinquished, waived, dismissed, and discharged each and all of the Released Defendants' Claims against each and all of Lead Plaintiffs and the other Plaintiffs' Releasees, and shall have covenanted not to sue any of the Plaintiffs' Releasees with respect to any of the Released Defendants' Claims (including any Unknown Claims) except to enforce the releases and other terms and conditions contained in the Stipulation or this Judgment; and (ii) shall be forever permanently barred, enjoined, and restrained from bringing, commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Released Defendants' Claims (including any Unknown Claims) against any of the Plaintiffs' Releasees in any action or proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind.  This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

(c)     For purposes of this Judgment:

1.     "Defendants' Releasees" means, collectively, each and all of (i) the Defendants, each Individual Defendant's Immediate Family Members, any entity in which any Defendant or Individual Defendant's Immediate Family Members has, or had during the Class Period, a controlling interest (directly or indirectly), and any estate or trust of which any Individual Defendant is a settlor or which is for the benefit of any

Individual Defendant and/or his or her Immediate Family Members; and (ii) for each and every Person listed in part (i), their respective past, present, and future heirs, executors, administrators, predecessors, successors, assigns, employees, agents, affiliates, analysts, assignees, attorneys, auditors, co-insurers, commercial bank lenders, consultants, controlling shareholders, directors, divisions, financial advisors, general or limited partners, general or limited partnerships, insurers, investment advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, managing directors, marital communities, members, officers, parents, personal or legal representatives, principals, reinsurers, shareholders, subsidiaries (foreign or domestic), trustees, underwriters, and other retained professionals, in their respective capacities as such.

2.      "Plaintiffs' Releasees" means (i) Lead Plaintiffs, all other plaintiffs in the Action, and all other Class Members, and their respective Immediate Family Members; and (ii) for each and every Person listed in part (i), their respective past, present, and future heirs, executors, administrators, predecessors, successors, assigns, employees, agents, affiliates, analysts, assignees, attorneys, auditors, co-insurers, commercial bank lenders, consultants, controlling shareholders, directors, divisions, financial advisors, general or limited partners, general or limited partnerships, insurers, investment advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, managing directors, marital communities, members, officers, parents, personal or legal representatives, principals, reinsurers, shareholders, subsidiaries (foreign or domestic), trustees, underwriters, and other retained professionals, in their respective capacities as such.

3.      "Released Defendants' Claims" means all claims, rights, liabilities, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include: (i) any claims

6

relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who or which submitted a request for exclusion from the Class that was accepted by the Court.

4.     "Released Plaintiffs' Claims" means all claims, rights, liabilities, and causes of action of every nature and description, whether known claims or Unknown Claims, contingent or absolute, mature or not mature, discoverable or undiscoverable, liquidated or unliquidated, accrued or not accrued, including those that are concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member(s) of the Class: (i) asserted in the Action, or (ii) could have asserted in any forum, that arise out of, are based upon, or relate to, directly or indirectly, in whole or in part, (A) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action and that relate to the purchase, sale, acquisition, or retention of RH common stock during the Class Period; or (B) Defendants' and/or their attorneys' defense or settlement of the Action and/or the claims alleged therein.  Released Plaintiffs' Claims do not include: (i) any claims asserted on behalf of the Company in *In re RH Shareholder Derivative Litig.*, Lead Case No. 4:18-cv-02452-YGR (N.D. Cal.); *Magnani v. Friedman, et al.*, Case No. 3:18-cv-02452-YGR (N.D. Cal.); or *Izmirliyan v. Friedman, et al.*, Case No. 4:18-cv-3930-YGR (N.D. Cal.), or any cases consolidated into any of the foregoing actions; (ii) any claims relating to the enforcement of the Settlement; and (iii) any claims of any person or entity who or which submitted a request for exclusion that was accepted by the Court.

5.     "Unknown Claims" means, collectively, any and all Released Plaintiffs' Claims that Lead Plaintiffs or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her, or its decision(s) with respect to this Settlement, including the

decision to agree to all the various releases set forth in the Stipulation, or that might have affected his, her, or its decision not to object to the Settlement, or not to exclude himself, herself, or itself from the Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected or undisclosed, concealed, or hidden. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of this Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

8. Notwithstanding paragraphs 7(a)-(b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

9. **Plan of Allocation** – The Court finds and concludes that the formula for the calculation of the claims of Claimants as set forth in the Plan of Allocation mailed to Class Members provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund among Class Members with due consideration having been given to administrative convenience and necessity. The Court hereby finds and concludes that the Plan of Allocation is, in all respects, fair and reasonable to the Class. Accordingly, the Court hereby approves the Plan of Allocation proposed by Lead Plaintiffs as set forth in the Notice.

10.    **Attorneys' Fees and Expenses** – Lead Counsel is hereby awarded attorneys' fees in the amount of 15% of the Settlement Fund (including interest earned at the same rate as the Settlement Fund).  Lead Counsel is also hereby awarded $797,049.35 for payment of its litigation expenses.  These attorneys' fees and expenses shall be paid from the Settlement Fund, and the Court finds these sums to be fair and reasonable.  In addition, Lead Plaintiff Public School Teachers' Pension & Retirement Fund of Chicago and Lead Plaintiff Arkansas Teacher Retirement System are hereby awarded $5,960.00 and $1,892.28, respectively, from the Settlement Fund as reimbursement for their reasonable costs and expenses directly related to their representation of the Class.  The Court has reviewed and considered the Retainer Agreement, which it finds to be reasonable.  Lead Counsel is instructed to maintain copies of the Retainer Agreement in the event that it is necessary for any further proceeding.

11.    **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.    **No Admissions** – This Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, or any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith) shall not be deemed to be, and may not be argued to be or offered or received:

(a)      against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, misrepresentation, or omission with respect to any statement or

written document approved or made by any of the Defendants or Defendants' Releasees, or other wrongdoing of any kind of any of the Defendants' Releasees, nor in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, administrative, or other action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)　against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, nor in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, administrative, or other action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)　against any of the Releasees as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Amount represents the amount which could be or would have been recovered after trial of the Action; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13.　**<u>Retention of Jurisdiction</u>** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction for one year from the date of this Judgment over:  (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement, including the interpretation and enforcement of all injunctions set forth herein; (b) the disposition of the Settlement Fund; (c) any motion to approve the Class Distribution Order; and (d) the Class Members for all matters relating to the Action.

14.　Any appeal from the portions of this Judgment regarding approval of the Plan of Allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of

Litigation Expenses shall in no way affect or delay the finality of this Judgment as to its approval

of the Settlement and shall not affect or delay the Effective Date of the Settlement.

15. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of March 21, 2019, as provided in the Stipulation.

17. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this __25th__ day of __October_____, 2019.

_____
The Honorable Yvonne Gonzalez Rogers
United States District Judge

#1279867

1                                          **Exhibit 1**

2 Dale Marcus

3 Brookfield, IL

4

5 Tailwind Fund LP

6 Toronto, Ontario, CANADA

# Exhibit 2

BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
JONATHAN D. USLANER (Bar No. 256898)
jonathanu@blbglaw.com
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:    (858) 793-0070
Fax:    (858) 793-0323

*Counsel for Lead Plaintiffs Public School
Teachers' Pension & Retirement Fund of
Chicago and Arkansas Teacher Retirement
System and Lead Counsel for the Class*

[Additional counsel appear on signature page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE RH, INC. SECURITIES LITIGATION | Case No. 4:17-00554-YGR |
| | ECF CASE |
| | **STIPULATION AND** <br> **AGREEMENT OF SETTLEMENT** |

This Stipulation and Agreement of Settlement, dated as of May 6, 2019 (the "Stipulation"), is entered into by and between (a) Lead Plaintiffs Public School Teachers' Pension & Retirement Fund of Chicago and Arkansas Teacher Retirement System ("Lead Plaintiffs") on behalf of themselves and the Class (defined below); and (b) defendants RH ("RH" or the "Company"), and Gary Friedman and Karen Boone (collectively, the "Individual Defendants" and, together with RH, "Defendants"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action"). Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, waive, discharge, and dismiss with prejudice the Action and all Released Plaintiffs' Claims (defined below) against Defendants and the other Defendants' Releasees (defined below) and all Released Defendants' Claims (also defined below) against Lead Plaintiffs and the other Plaintiffs' Releasees (also defined below).

WHEREAS:

A. On February 2, 2017, a class action complaint, styled *City of Miami General Employees' & Sanitation Employees' Retirement Trust v. RH, Inc., et al.*, Civil Action No. 17-cv-00554-YGR, was filed in the United States District Court for the Northern District of California (the "Court") asserting violations of federal securities laws against RH and the Individual Defendants. (ECF No. 1.) In accordance with the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended (the "PSLRA"), notice to the public was issued stating the deadline by which putative class members could move the Court for appointment as lead plaintiff. A related securities class action complaint, *Errichiello v. RH*, No. 3:17-cv-01425-WHO ("*Errichiello*"), was filed in the Court on March 16, 2017.

B. Public School Teachers' Pension & Retirement Fund of Chicago and Arkansas Teacher Retirement System moved for appointment as Lead Plaintiffs on April 3, 2017, as did several other groups of competing movants. (ECF Nos. 7-26.) On April 13, 2017, the Court entered an Order designating *Errichiello* as a related case. (ECF No. 30.) On April 26, 2017, the Court entered an Order which provided that the case be recaptioned as *In re RH, Inc. Securities Litigation,* Case No. 4:17-00554-YGR; ordered that *Errichiello* be consolidated into the Action

and that any subsequently filed, removed, or transferred actions related to the claims asserted in the Action be consolidated; appointed Public School Teachers' Pension & Retirement Fund of Chicago and Arkansas Teacher Retirement System as Lead Plaintiffs for the Action; and approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the class.  (ECF No. 39.)

C.     On June 12, 2017, Lead Plaintiffs filed and served the Consolidated Class Action Complaint for Violation of the Federal Securities Laws (ECF No. 45) (the "Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  The Complaint alleges that, during the Class Period, Defendants made materially false and misleading statements about the launch of RH's new product line, RH Modern, and the Company's inventory levels.  The Complaint further alleges that the price of RH common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

D.     On August 2, 2017, Defendants filed and served a motion to dismiss the Complaint (ECF No. 50) and a request that the Court consider documents incorporated by reference in the Complaint and take judicial notice of other documents submitted to the Court (ECF No. 51).  On September 11, 2017, Lead Plaintiffs filed and served memoranda of law in opposition to Defendants' motion to dismiss and request for judicial notice.  (ECF Nos. 53-54.) On October 6, 2017, Defendants filed and served reply papers in support of their motion and request for judicial notice and made a supplemental request for judicial notice.  (ECF Nos. 56-58.)  On October 13, 2017, Lead Plaintiffs filed objections to reply evidence accompanying Defendants' reply papers.  (ECF No. 59.)

E.     The Court held oral argument on the motion to dismiss and related requests for judicial notice on October 31, 2017.  (ECF Nos. 60, 63.)  On February 26, 2018, the Court entered an Order which denied Defendants' motion to dismiss.  (ECF No. 68.)

F.     Discovery in the Action commenced in March 2018.  Lead Plaintiffs prepared and served initial disclosures, requests for production of documents, and interrogatories on

Defendants, exchanged numerous letters with Defendants concerning discovery issues, and served dozens of document subpoenas on third parties. Defendants and third parties produced a total of over 10 million pages of documents to Lead Plaintiffs, and Lead Plaintiffs produced over 12,000 pages of documents to Defendants in response to their requests. Fifteen depositions were taken in the Action, which included depositions of representatives of both Lead Plaintiffs and of Defendants' expert witness taken in connection with the motion for class certification, and twelve depositions of fact witnesses.

G. On June 22, 2018, Lead Plaintiffs filed their motion for class certification, which was accompanied by a report from Lead Plaintiffs' expert, Dr. Steven Feinstein, which opined that RH common stock traded in an efficient market during the Class Period and that per-share damages could be measured for all Class Members using a common methodology. (ECF Nos. 94-95.) On August 14, 2018, Defendants filed their opposition to the class certification motion, which included an expert report challenging Dr. Feinstein's conclusion regarding the common damages methodology. (ECF No. 101.) Lead Plaintiffs filed reply papers in further support of their motion on September 11, 2018. (ECF Nos. 103-104.)

H. While discovery and briefing of Lead Plaintiffs' class certification motion was ongoing, the Parties agreed to private mediation before former United States District Judge Layn R. Phillips. On August 6, 2018, the Parties (defined below) exchanged detailed mediation statements with numerous exhibits that were also submitted to Judge Phillips. A full-day, in-person mediation session with Judge Phillips was held on August 24, 2018. At the mediation session, the Parties engaged in vigorous settlement negotiations with the assistance of Judge Phillips but were not able to reach an agreement.

I. On October 1, 2018, the Court held oral argument on Lead Plaintiffs' motion for class certification. (ECF Nos. 108, 110.) On October 11, 2018, the Court granted the motion, certifying the proposed Class, appointing Lead Plaintiffs as Class Representatives, and appointing Bernstein Litowitz Berger & Grossmann LLP as Class Counsel. (ECF No. 111.)

J. On October 25, 2018, Defendants filed a petition to appeal the Court's order certifying the Class to the Court of Appeals for the Ninth Circuit pursuant to Rule 23(f) of the

Federal Rules of Civil Procedure. (ECF No. 112.) The Court of Appeals denied that petition on January 24, 2019. (ECF No. 121.)

K.     Following certification of the Class, the Parties' discovery efforts continued. The Parties also continued to discuss the possible resolution of the Action through settlement. A second mediation with Judge Phillips was scheduled for March 1, 2019. In advance of that session, the Parties submitted and exchanged supplemental mediation statements on February 15, 2019. After a full-day, in-person mediation session on March 1, 2019, the Parties came near to a resolution. Judge Phillips issued a mediator's proposal on March 3, 2019, and the Parties continued their negotiations in the weeks immediately following the mediation.

L.     On March 21, 2019, the Parties executed a Term Sheet setting forth their agreement in principle to settle the Action in return for Defendants causing payment of $50,000,000.00 in cash from Defendants' D&O carriers for the benefit of the Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

M.     This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

N.     Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiffs and the other members of the Class, and in their best interests. Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Lead Plaintiffs have agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

O.     This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of the Defendants denies

any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of the Defendants, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiffs (individually and on behalf of all other members of the Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice as to the Defendants, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.     As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)     "Action" means the securities class action in this Court styled *In re RH, Inc. Securities Litigation,* Case No. 4:17-00554-YGR.

(b)     "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c)     "Authorized Claimant" means a Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)    "Claim" means a paper claim submitted on a Claim Form, or an electronic claim, in either instance that is submitted to the Claims Administrator.

(e)    "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, which a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(f)    "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(g)    "Claims Administrator" means the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

(h)    "Class" means the class certified in the Court's October 11, 2018 Order (ECF No. 111). Specifically, the Class includes all persons and entities who purchased or otherwise acquired the common stock of RH during the period from March 26, 2015 through June 8, 2016, inclusive. Excluded from the Class are (i) Defendants; (ii) Immediate Family Members of the Individual Defendants; (iii) any person who was an Officer or director of RH; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) any person who is alleged to have participated in the wrongdoing alleged[1]; (vi) parents or subsidiaries of RH; (vii) all RH plans that are covered by ERISA; (viii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such; and (ix) any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

(i)    "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

---

[1] This exclusion only applies and refers to the two Individual Defendants. For the avoidance of doubt, the Individual Defendants expressly deny that they were involved in any wrongdoing.

(j)   "Class Member" means each person and entity who or which is a member of the Class.

(k)   "Class Period" means the period from March 26, 2015 through June 8, 2016, inclusive.

(l)   "Complaint" means the Consolidated Class Action Complaint for Violations of the Federal Securities Laws filed by Lead Plaintiffs in the Action on June 12, 2017.

(m)   "Court" or "District Court" means the United States District Court for the Northern District of California.

(n)   "Defendants" means RH and the Individual Defendants.

(o)   "Defendants' Counsel" means Morrison & Foerster LLP.

(p)   "Defendants' Releasees" means, collectively, each and all of (i) the Defendants, each Individual Defendant's Immediate Family Members, any entity in which any Defendant or Individual Defendant's Immediate Family Members has, or had during the Class Period, a controlling interest (directly or indirectly), and any estate or trust of which any Individual Defendant is a settlor or which is for the benefit of any Individual Defendant and/or his or her Immediate Family Members; and (ii) for each and every Person listed in part (i), their respective past, present, and future heirs, executors, administrators, predecessors, successors, assigns, employees, agents, affiliates, analysts, assignees, attorneys, auditors, co-insurers, commercial bank lenders, consultants, controlling shareholders, directors, divisions, financial advisors, general or limited partners, general or limited partnerships, insurers, investment advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, managing directors, marital communities, members, officers, parents, personal or legal representatives, principals, reinsurers, shareholders, subsidiaries (foreign or domestic), trustees, underwriters, and other retained professionals, in their respective capacities as such.

(q)   "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 37 of this Stipulation have been met and have occurred or have been waived.

(r)   "ERISA" means the Employee Retirement Income Security Act of 1974.

(s)     "Escrow Account" means an account maintained at Citibank, N.A. wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(t)     "Escrow Agent" means Citibank, N.A.

(u)     "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(v)     "Final" means, with respect to any court order, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. Without limitation, an order becomes "Final" when: (i) no appeal has been filed, and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed, and the prescribed time, if any, for commencing any further appeal has expired, or (b) the order has been affirmed in all material respects, and the prescribed time, if any, for commencing any further appeal has expired.  For purposes of this definition of "Final," an "appeal" includes any motion to alter or amend under Rule 52(b) or Rule 59(e) of the Federal Rules of Civil Procedure, any appeal as of right, discretionary appeal, interlocutory appeal, petition for writ of *certiorari*, or other proceeding involving writs of *certiorari* or mandamus, and any other proceedings of like kind.  Any appeal or other proceeding pertaining solely to an order or the part of an order adopting or approving a Plan of Allocation or solely to any order or the part of an order issued solely with respect to an application for attorneys' fees and expenses pursuant to ¶¶ 19-22 herein shall not in any way delay or preclude the Judgment from becoming Final.

(w)     "Immediate Family Members" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(x)     "Individual Defendants" means Gary Friedman and Karen Boone.

(y)  "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(z)  "Lead Counsel" means the law firm of Bernstein Litowitz Berger & Grossmann LLP.

(aa)  "Lead Plaintiffs" means Public School Teachers' Pension & Retirement Fund of Chicago and Arkansas Teacher Retirement System.

(bb)  "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Lead Plaintiffs directly related to their representation of the Class), for which Lead Counsel intends to apply to the Court for reimbursement or payment from the Settlement Fund.

(cc)  "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

(dd)  "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to Class Members.

(ee)  "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with:  (i) providing notice to the Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(ff)  "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(gg)  "Parties" means Defendants and Lead Plaintiffs, on behalf of themselves and the Class.

(hh)  "Person" means an individual, corporation, limited liability company, professional corporation, partnership, domestic partnership, limited partnership, limited liability

partnership, marital community, association, joint stock company, joint venture, joint venturer, estate, legal representative, trust or trustee, unincorporated association, government or any political subdivision or agency thereof, or any other business or legal entity.

(ii) "Plaintiffs' Releasees" means (i) Lead Plaintiffs, all other plaintiffs in the Action, and all other Class Members, and their respective Immediate Family Members; and (ii) for each and every Person listed in part (i), their respective past, present, and future heirs, executors, administrators, predecessors, successors, assigns, employees, agents, affiliates, analysts, assignees, attorneys, auditors, co-insurers, commercial bank lenders, consultants, controlling shareholders, directors, divisions, financial advisors, general or limited partners, general or limited partnerships, insurers, investment advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, managing directors, marital communities, members, officers, parents, personal or legal representatives, principals, reinsurers, shareholders, subsidiaries (foreign or domestic), trustees, underwriters, and other retained professionals, in their respective capacities as such.

(jj) "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(kk) "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

(ll) "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(mm) "Recognized Claim" means the amount of an Authorized Claimant's loss that is determined by the Claims Administrator to be compensable under the Plan of Allocation.

(nn) "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(oo) "Released Defendants' Claims" means all claims, rights, liabilities, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any

way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

(pp) "Released Plaintiffs' Claims" means all claims, rights, liabilities, and causes of action of every nature and description, whether known claims or Unknown Claims, contingent or absolute, mature or not mature, discoverable or undiscoverable, liquidated or unliquidated, accrued or not accrued, including those that are concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member(s) of the Class: (i) asserted in the Action, or (ii) could have asserted in any forum, that arise out of, are based upon, or relate to, directly or indirectly, in whole or in part, (A) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action and that relate to the purchase, sale, acquisition, or retention of RH common stock during the Class Period; or (B) Defendants' and/or their attorneys' defense or settlement of the Action and/or the claims alleged therein. Released Plaintiffs' Claims do not include: (i) any claims asserted on behalf of the Company in *In re RH Shareholder Derivative Litig.*, Lead Case No. 4:18-cv-02452-YGR (N.D. Cal.); *Magnani v. Friedman, et al.*, Case No. 3:18-cv-02452-YGR (N.D. Cal.); or *Izmirliyan v. Friedman, et al.*, Case No. 4:18-cv-3930-YGR (N.D. Cal.), or any cases consolidated into any of the foregoing actions; (ii) any claims relating to the enforcement of the Settlement; and (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

(qq) "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(rr) "Releases" means the releases set forth in ¶¶ 4-5 of this Stipulation.

(ss) "RH" or the "Company" means RH (formerly known as Restoration Hardware Holdings, Inc.).

(tt) "Settlement" means the settlement between Lead Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

1     (uu)   "Settlement Amount" means $50,000,000.00 in cash.

2     (vv)   "Settlement Fund" means the Settlement Amount plus any and all interest
3   earned thereon.

4     (ww)  "Settlement Hearing" means the hearing set by the Court under
5   Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the
6   Settlement.

7     (xx)   "Summary Notice" means the Summary Notice of (I) Pendency of Class
8   Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for
9   Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to
10  Exhibit A, to be published as set forth in the Preliminary Approval Order.

11    (yy)   "Taxes" means: (i) all federal, state and/or local taxes of any kind
12  (including any interest or penalties thereon) on any income earned by the Settlement Fund;
13  (ii) any taxes or tax detriments that may be imposed upon the Defendants or their counsel with
14  respect to any income earned by the Settlement Fund for any period during which the Settlement
15  Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes,
16  provided that any such taxes or tax detriments are reported to Lead Counsel and the Escrow
17  Agent at least fourteen (14) days before distribution of the Net Settlement Fund to the
18  Authorized Claimants; and (iii) the expenses and costs incurred by Lead Counsel in connection
19  with determining the amount of, and paying, any taxes owed by the Settlement Fund (including,
20  without limitation, expenses of tax attorneys and accountants).

21    (zz)   "Term Sheet" means the Confidential Term Sheet executed by the Parties
22  on March 21, 2019.

23    (aaa)  "Unknown Claims" means, collectively, any and all Released Plaintiffs'
24  Claims that Lead Plaintiffs or any other Class Member does not know or suspect to exist in his,
25  her, or its favor at the time of the release of such claims, and any Released Defendants' Claims
26  that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the
27  release of such claims, which, if known by him, her or it, might have affected his, her, or its
28  decision(s) with respect to this Settlement, including the decision to agree to all the various

releases set forth in this Stipulation, or that might have affected his, her, or its decision not to object to this Settlement, or not to exclude himself, herself, or itself from the Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected or undisclosed, concealed, or hidden. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

### **PRELIMINARY APPROVAL OF SETTLEMENT**

2.     Within fifteen (15) days of the execution of this Stipulation, Lead Plaintiffs will file a motion, after providing Defendants a reasonable opportunity to review and comment, seeking preliminary approval of the Settlement, authorization to mail notice of the Settlement to members of the Class, and the scheduling of a hearing for consideration of final approval of the Settlement. Concurrently with the motion for preliminary approval, Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

# RELEASE OF CLAIMS

3.     The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Action as against Defendants; and (b) the Releases and other relief provided for herein.

4.     Upon the Effective Date, Lead Plaintiffs and each of the other Class Members, on behalf of themselves and their respective spouses, heirs, executors, beneficiaries, administrators, predecessors, successors, and assigns, in their capacities as such, and any Person(s) claiming (now or in the future) through or on behalf of any of them directly or indirectly, regardless of whether such Lead Plaintiff or Class Member ever seeks or obtains by any means (including, without limitation, by submitting a Claim Form to the Claims Administrator) any distribution from the Net Settlement Fund: (a) shall be deemed by this Settlement to have, and by operation of law and of the Judgment, or the Alternate Judgment, if applicable, shall have fully, finally, and forever compromised, settled, released, relinquished, waived, dismissed, and discharged each and all of the Released Plaintiffs' Claims (including Unknown Claims) against each and all of the Defendants' Releasees, and shall have covenanted not to sue any of the Defendants' Releasees with respect to any of the Released Plaintiffs' Claims (including any Unknown Claims) except to enforce the releases and other terms and conditions contained in this Stipulation or the Judgment or Alternate Judgment entered pursuant hereto; and (b) shall be forever permanently barred, enjoined, and restrained from bringing, commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Released Plaintiffs' Claims (including any Unknown Claims) against any of the Defendants' Releasees in the Action or in any other action or proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind.  The foregoing provisions shall not apply to any Person who would be a member of the Class and timely excludes himself, herself, or itself.

5.     Upon the Effective Date, Defendants, on behalf of themselves and their respective spouses, heirs, executors, beneficiaries, administrators, predecessors, successors, and assigns, in their capacities as such, and any Person(s) claiming (now or in the future) through or on behalf of

any of them directly or indirectly, (a) shall be deemed by this Settlement to have, and by operation of law and of the Judgment, or the Alternate Judgment, if applicable, shall have fully, finally, and forever compromised, settled, released, relinquished, waived, dismissed, and discharged each and all of the Released Defendants' Claims against each and all of Lead Plaintiffs and the other Plaintiffs' Releasees, and shall have covenanted not to sue any of the Plaintiffs' Releasees with respect to any of the Released Defendants' Claims (including any Unknown Claims) except to enforce the releases and other terms and conditions contained in this Stipulation or the Judgment or Alternate Judgment entered pursuant hereto; and (b) shall be forever permanently barred, enjoined, and restrained from bringing, commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Released Defendants' Claims (including any Unknown Claims) against any of the Plaintiffs' Releasees in the Action or in any other action or proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind. This release shall not apply to any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

6. It is understood that Lead Plaintiffs and the other Class Members or Defendants, or any of them, may hereafter discover additional or different facts from those that he, she, or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims (including Unknown Claims), but each of the Lead Plaintiffs and the Defendants shall, upon the Effective Date, expressly fully, finally, and forever discharge, settle, and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of law and of the Judgment or the Alternate Judgment, if applicable, shall have, expressly fully, finally, and forever discharged, settled, and released, any and all Released Claims. Lead Plaintiffs and Defendants acknowledge, and the Class Members by operation of law and of the Judgment or the Alternate Judgment, if applicable, shall be deemed to have acknowledged, that the foregoing waiver of Released Claims that are Unknown Claims, including the provisions, rights, and benefits of California Civil Code § 1542 (and the inclusion

of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims), was separately bargained for and is a material element of the Settlement.

7.     By entering into this Stipulation, Lead Plaintiffs and Lead Counsel represent and warrant that they have not assigned, hypothecated, conveyed, transferred, or otherwise granted or given any interest in the Released Plaintiffs' Claims to any other Person, and the Defendants represent and warrant that they have not assigned, hypothecated, conveyed, transferred, or otherwise granted or given any interest in the Released Defendants' Claims to any other Person.

8.     The Claim Form to be executed by Claimants shall release all Released Plaintiffs' Claims against all Defendants' Releasees and shall be substantially in the form attached hereto as Exhibit 2 to Exhibit A.

9.     Notwithstanding ¶¶ 4-5 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

10.     As full and complete consideration for the Settlement, Defendants shall cause the payment of the Settlement Amount from the D&O carriers into the Escrow Account within twenty (20) business days after the later of (a) the date of entry by the Court of an order preliminarily approving this Settlement; and (b) Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including instructions for payment by wire transfer and a signed W-9 form reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.

11.     Other than the obligation of the Defendants to cause the Settlement Amount to be paid into the Escrow Account, under no circumstances will any of the Defendants' Releasees have any obligation to make any payment pursuant to this Settlement set forth herein, and will have no responsibility for, or liability or obligation whatsoever to anyone with respect to: the Settlement Fund, the Net Settlement Fund, the Escrow Account, the Claims Administrator, the Claims Administrator's actions, any transaction executed or approved by the Escrow Agent, the

maintenance, administration, investment, or distribution of the Settlement Fund or the Net Settlement Fund, the establishment or administration of the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes, the administration of the Settlement, or any losses incurred in connection with such matters. The Defendants' Releasees shall have no further or other liability or obligations to Lead Plaintiffs, Lead Counsel, or any Class Member with respect to the Released Plaintiffs' Claims, except as expressly stated herein. Notwithstanding anything herein to the contrary, the Escrow Agent shall be obligated to withhold from distribution to Authorized Claimants all funds necessary to pay all Notice and Administration Costs and all other fees, costs, and expenses associated with administration of the Settlement and the Settlement Fund; neither Defendants nor Defendants' Counsel nor any other of the Defendants' Releasees is responsible therefor, nor shall they have any liability whatsoever with respect thereto, above and beyond the Defendants' obligation to cause the Settlement Amount to be paid into the Escrow Account as set forth above. The Settlement Fund shall indemnify and hold harmless all Defendants' Releasees for any costs of administration of the Settlement and the Settlement Fund (including, without limitation, costs associated with any such indemnification).

## USE OF SETTLEMENT FUND

12.     The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 23-35 below.

13.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund

invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.

14. The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for ensuring that the Escrow Account complies with the requirements and regulations governing Qualified Settlement Funds, and for filing or causing to be filed all such informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants shall cause to be provided to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all such actions as may be necessary or appropriate in connection therewith.

15. All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court. Any tax returns

prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

16.     The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

17.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all reasonable Notice and Administration Costs actually incurred and paid or payable. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice and publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.

18.     In the event the Judgment does not become Final or the Settlement is terminated as provided herein, within thirty (30) days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies then held in the Escrow Account, including interest earned but less any reasonable Notice and Administration Costs actually paid or incurred, shall be returned to the appropriate sources of funds pursuant to Defendants' instructions as provided in ¶ 39(d). Once the Settlement and Judgment become Final, no monies shall revert to Defendants.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

19.     Lead Counsel will apply to the Court for an award of attorneys' fees to be paid solely from (and out of) the Settlement Fund.  Lead Counsel will also apply to the Court for reimbursement or payment of Litigation Expenses, which may include a request for Lead Plaintiffs' costs and expenses directly related to their representation of the Class, to be paid solely from (and out of) the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.  Defendants shall have no responsibility for the payment of attorneys' fees or Litigation Expenses to Lead Counsel beyond the obligation of Defendants to cause payment of the Settlement Amount from the D&O carriers into the Escrow Account as set forth in ¶ 10 above.

20.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel within ten (10) business days of the award by the Court, notwithstanding any appeals, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; (b) providing Defendants' Counsel with notice of Lead Plaintiffs' termination of the Settlement; or (c) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  Lead Counsel agrees to incorporate their obligation under this paragraph into any proposed order awarding attorneys' fees and Litigation Expenses filed with the Court.  Lead Counsel, as a condition of receiving such fees and Litigation Expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purposes of enforcing the provisions of this paragraph.

The Settlement is not conditioned upon any award of attorneys' fees or Litigation Expenses, and any objection to or appeal from such an award shall not affect the finality of the Settlement or the judgment of dismissal. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Lead Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

21. Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Lead Counsel shall be payable solely from the Settlement Fund.

22. The procedure for and the allowance or disallowance by the Court of any application by Lead Counsel for attorneys' fees or Litigation Expenses to be paid out of the Settlement Fund is not a necessary term of the Settlement or this Stipulation, and it is not a condition of this Stipulation that any particular application for attorneys' fees or expenses be approved.

## NOTICE AND SETTLEMENT ADMINISTRATION

23. As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than RH's obligation to provide its shareholder records as provided in ¶ 24 below, none of the Defendants, nor any of the other Defendants' Releasees, shall have any involvement in or any responsibility, authority, obligation, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or the management, disposition, investment, distribution, allocation, or disbursement of the Net Settlement Fund, the determination, administration, calculation, or payment of Claims, the payment or withholding of Taxes, any nonperformance of the Claims Administrator, or any losses incurred in connection

with any such matters.  No Person shall have any claim against the Defendants' Releasees or Defendants' Counsel arising from or relating to any of the foregoing.

24.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Claim Form to such members of the Class as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying Class Members and providing notice to the Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, RH shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) a list (consisting of names and addresses) of the record holders or purchasers of RH common stock during the Class Period, to the extent reasonably available to RH.

25.     No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve, or cause the Claims Administrator to serve, the notice pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.  Defendants are solely responsible for the costs of the CAFA notice and for administering the CAFA notice.  At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

26.     The Claims Administrator shall receive Claims and determine first, whether each Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon such Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

27.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation, and it is not a condition of the Settlement or of this Stipulation

that any particular plan of allocation be approved by the Court. Lead Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. The Plan of Allocation is to be considered by the Court separately from its determination of the fairness, reasonableness, and adequacy of the Settlement as set forth in this Stipulation. No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

28. Any Class Member who does not submit a timely and valid Claim will not be entitled to receive any distribution from the Net Settlement Fund (unless by order of the Court an untimely Claim is accepted), but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, or the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing, commencing, instituting, prosecuting, or continuing to prosecute any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

29. Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted, in the interests of achieving substantial justice.

30. For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a) Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in

accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by order of the Court such Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing, commencing, instituting, prosecuting, or continuing to prosecute any action, claim, or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim

is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

31.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

32.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administrative fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

33.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants.  All Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from

1 bringing any action against any and all Defendants' Releasees with respect to any and all of the

2 Released Plaintiffs' Claims.

3     34.    No person or entity shall have any claim against Lead Plaintiffs, Lead Counsel,

4 the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants'

5 Releasees and/or their respective counsel, arising from distributions made substantially in

6 accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the

7 Court. Lead Plaintiffs and Defendants, and their respective counsel, and Lead Plaintiffs'

8 damages expert and all other Releasees shall have no liability whatsoever for the investment or

9 distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the

10 determination, administration, calculation, or payment of any Claim or nonperformance of the

11 Claims Administrator, the payment or withholding of Taxes (including interest and penalties)

12 owed by the Settlement Fund, or any losses incurred in connection therewith.

13     35.    All proceedings with respect to the administration, processing, and determination

14 of Claims and the determination of all controversies relating thereto, including disputed

15 questions of law and fact with respect to the validity of Claims, shall be subject to the

16 jurisdiction of the Court. All Class Members, other Claimants, and Parties to this Settlement

17 expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or

18 review with respect to such determinations.

19 **TERMS OF THE JUDGMENT**

20     36.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead

21 Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in

22 the form attached hereto as Exhibit B.

23 **CONDITIONS OF SETTLEMENT AND EFFECT OF**
**DISAPPROVAL, CANCELLATION, OR TERMINATION**

24

25     37.    The Effective Date of the Settlement shall be deemed to occur on the occurrence

26 or express written waiver of all of the following events:

27

28

(a)     this Stipulation, and such other documents as may be required to obtain final Court approval of this Stipulation in a form satisfactory to the Parties, have been duly executed;

(b)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above;

(c)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 10 above;

(d)     RH has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation;

(e)     Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(f)     the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

38.     Upon the occurrence of all of the events referenced in ¶ 37 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, and the Releases herein shall be effective.

39.     If (i) RH exercises its right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)     Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of March 21, 2019.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 39 and ¶¶ 18, 20, 43, 44, 60, 61, 63, 64, 67, 68, 70, and 72, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within thirty (30) days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 20 above), less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing, shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct).  At the request of Defendants' Counsel, Lead Counsel or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds within five (5) business days of receipt of such proceeds, after deduction of any fees or expenses incurred in connection with such application for a tax refund, to Defendants (or such other persons or entities as Defendants may direct) in accordance with written instructions from Defendants' Counsel.  Notwithstanding any of the foregoing in this ¶ 39(d), the repayment obligations of the Escrow Agent and Lead Counsel pursuant to this paragraph shall not be triggered until receipt of the written repayment instructions from Defendants' Counsel.

40.     It is further stipulated and agreed that Lead Plaintiffs, provided they unanimously agree, and RH shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their or its election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of any of the following: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; or (e) the date upon which an Alternate

Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court, and the provisions of ¶ 39 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

41.     In addition to the grounds set forth in ¶ 39 above, RH shall have the unilateral right to terminate the Settlement in the event that Class Members timely and validly requesting exclusion from the Class meet the conditions set forth in a confidential supplemental agreement with Lead Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court, and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary in order for Defendants to comply with the provisions of CAFA, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Lead Plaintiffs and RH concerning the Supplemental Agreement's interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.

42.     In addition to the grounds set forth in ¶ 39 above, Lead Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 10 above, by providing written notice of the election to terminate to Defendants' Counsel and if, thereafter, there is a failure to pay the Settlement Amount within fourteen (14) calendar days of such written notice.

**<u>NO ADMISSION OF WRONGDOING</u>**

43.     This Settlement compromises claims that are contested and, as such, shall not be deemed an admission by any Party as to the merits of any claim or defense. Lead Plaintiffs acknowledge that Defendants have denied and continue to deny each and all claims of alleged

wrongdoing, while Defendants acknowledge that Lead Plaintiffs continue to maintain the validity of their lawsuit and the merits of their claims. The Parties acknowledge that Defendants make no admission of liability or wrongdoing.

44. The Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet or this Stipulation, or any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith) shall not be deemed to be, and may not be argued to be or offered or received:

(a)     against any of the Defendants' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants or Defendants' Releasees, or other wrongdoing of any kind of any of the Defendants' Releasees, nor in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, administrative, or other action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, nor in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or

other civil, criminal, administrative, or other action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)    against any of the Releasees as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Amount represents the amount which could be or would have been recovered after trial of the Action;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## **MISCELLANEOUS PROVISIONS**

45.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

46.    Defendants warrant that, as to the payments to be made on their behalves, at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.

47.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction, and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, Lead Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other

31

Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 39 above, Lead Counsel shall promptly return any attorneys' fees and Litigation Expenses received pursuant to ¶ 20 above, plus accrued interest at the same net rate as is earned by the Settlement Fund, and any cash amounts in the Settlement Fund (including accrued interest) less any Taxes paid, due, or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable shall be returned as provided in ¶ 39.

48.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes which have been asserted, could have been asserted, or could be asserted by Lead Plaintiffs and any other Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims. Lead Plaintiffs and Lead Counsel and Defendants' Counsel agree not to assert in any forum that this Action was brought by Lead Plaintiffs or defended by Defendants in bad faith or without a reasonable basis. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. Moreover, none of the Parties shall seek any cost-shifting claims against the others. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Judge Layn R. Phillips, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

49.     While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution), will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action is being settled voluntarily after consultation with competent legal counsel. In all events, Lead Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by any Party

concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

50.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest), nor may any Party be deemed to have waived any provision (including this provision) except by a writing signed by that Party or its successor-in-interest.

51.     Neither the Class Members nor the Defendants shall be bound by this Stipulation if the Court modifies material terms hereof, provided, however, that it shall not be a basis to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Class Members, or if the Plan of Allocation is modified on appeal.  Nor shall it be a basis to terminate this Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to the distribution of the Net Settlement Fund.  Nor shall it be a basis to terminate this Stipulation if the Court denies, in whole or in part, Lead Counsel's application for attorneys' fees or Litigation Expenses.

52.     Lead Counsel is expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms.

53.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

54.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose, among other things, of entering orders providing for the implementation and enforcement of the terms of this Stipulation, including without limitation, the Releases provided for herein, and any awards of attorneys' fees and Litigation Expenses to Lead Counsel, and orders enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to

Class Members. The Court shall also retain exclusive jurisdiction to interpret and enforce all injunctions set forth herein.

55. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

56. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of this Stipulation, unless such extensions conflict with an order of the Court, in which case the Parties shall move the Court to amend any such order.

57. This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

58. This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

59. This Stipulation shall be binding upon and inure to the benefit of the successors, heirs, and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Releasee may merge, consolidate, or reorganize.

60. The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate them shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

61. Any action arising under or to enforce this Stipulation, or any portion hereof, shall be commenced and maintained only in the Court, and each of the Parties agrees not to contest subject matter jurisdiction or personal jurisdiction, or assert that such forum is inconvenient for any such dispute brought in this Court.

62. The Parties warrant that, in entering into this Settlement, they have relied solely upon their own knowledge and investigation, and not upon any promise, representation, warranty, or other statement by any other Party, not expressly contained in this Stipulation or any of the incorporated Settlement documents. It is understood by the Parties that, except for the matters expressly represented herein, the facts or law with respect to which this Stipulation is entered into may turn out to be other than or different from the facts and law now known to each Party or believed by such Party to be true; each Party therefore expressly assumes the risk of the facts or law turning out to be different, and agrees that this Stipulation shall be in all respects effective and not subject to termination by reason of any such different facts or law.

63. This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Stipulation is the result of arm's-length negotiations between the Parties and that all Parties have contributed substantially and materially to the preparation of this Stipulation.

64. All counsel and any other Person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that he, she, or it has the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

65. Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

66. Pending preliminary and final approval by the Court of the Settlement, as set forth in this Stipulation and its attached Exhibits, all proceedings in the Action shall be stayed.

67. All dollar amounts in this Stipulation are in U.S. dollars.

68. If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand

35

delivery, overnight courier, or email transmission, with confirmation of receipt. Notice shall be provided as follows:

| | |
|---|---|
| If to Lead Plaintiffs or Lead Counsel: | Bernstein Litowitz Berger & Grossmann LLP<br>Attn: Jonathan D. Uslaner<br>12481 High Bluff Drive, Suite 300<br>San Diego, CA 92130<br>Telephone: (858) 793-0070<br>Facsimile: (858) 793-0323<br>Email: jonathanu@blbglaw.com |
| If to Defendants or Defendants' Counsel: | Morrison & Foerster LLP<br>Attn: Mark Foster<br>425 Market Street<br>San Francisco, CA 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522<br>Email: mfoster@mofo.com |

69.     Except as otherwise provided herein, each Party shall bear its own costs.

70.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

71.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

72.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of May 6, 2019.

Dated: May 6, 2019

BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP


_Jonathan Uslaner_
_____
JONATHAN D. USLANER

JONATHAN D. USLANER (Bar No. 256898)
jonathanu@blbglaw.com
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:    (858) 793-0070
Fax:    (858) 793-0323
   --and--
GERALD H. SILK
jerry@blbglaw.com
AVI JOSEFSON
avi@blbglaw.com
JOHN C. BROWNE (*Pro Hac Vice*)
johnb@blbglaw.com
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Tel:    (212) 554-1400
Fax:    (212) 554-1444

*Counsel for Lead Plaintiffs Public School
Teachers' Pension & Retirement Fund of
Chicago and Arkansas Teacher Retirement System,
and Lead Counsel for the Class*


MORRISON & FOERSTER LLP


_Jordan Eth_
_____
JORDAN ETH

JORDAN ETH (CA SBN 121617)
JEth@mofo.com
MARK R.S. FOSTER (CA SBN 223682)
MFoster@mofo.com
AMANDA TRELEAVEN (CA SBN 266934)
ATreleaven@mofo.com
SU-HAN WANG (CA SBN 284863)
SWang@mofo.com
425 Market Street
San Francisco, CA 94105-2482
Tel:    (415) 268-7000

Fax:     (415) 268-7522

*Counsel for Defendants RH, Gary Friedman, and Karen Boone*

#1278957